# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Daniel'la Deering,

          Plaintiff,

v.

Lockheed Martin Corporation, a Maryland corporation; Maryanne Lavan, an individual; and Kenneth Bastian, an individual,

          Defendants.

Civ. No. 20-1534 (DSD/BRT)

**ORDER**

Heidi J.K. Fessler, Esq., Innova Law Group, PLLC; William J. Egan, Esq., Avisen Legal, P.A., counsel for Plaintiff.

Allyson J. Petersen, Esq., Donald M. Lewis, Esq., Joseph G. Schmitt, Esq., Nilan Johnson Lewis PA; Krissy A. Katzenstein, Esq., Baker & McKenzie LLP; and Michael S. Burkhardt, Esq., Morgan, Lewis & Bockius LLP, counsel for Defendants.

      This matter is before the Court on Plaintiff's Motion to Compel Production of Documents. (Doc. No. 37.) This motion relates to several discovery requests served by Plaintiff on Defendants. A hearing was held on the motion on April 12, 2021. (Doc. No. 44.) Plaintiff's counsel clarified at the hearing which discovery requests remain at issue and for which they seek rulings from the Court. This Order addresses only those discovery requests argued in Plaintiff's motion that remain at issue. Any other requests referenced in Plaintiff's motion papers are considered not at issue before the Court.

      Guiding the Court's rulings are the Federal Rules of Civil Procedure regarding discovery in a civil case. Federal Rule of Civil Procedure 26 governs discovery in federal court. Discovery under the Federal Rules of Civil Procedure, however, is not without

bounds even if relevance is shown. Federal Rule of Civil Procedure 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Therefore, Rule 26(b) imposes a proportionality requirement on the scope of discovery, which must be considered when ruling on discovery disputes. *See Provident Savings Bank, F.S.B. v. Focus Bank*, No. 1:19-CV-151 RLW, 2020 WL 6196132, at *2 (E.D. Mo. Oct. 22, 2020) ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." (quoting Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment)).

The discovery at issue in Plaintiff's motion to compel pertains to requests for documents. Fed. R. Civ. P. 34(b) provides that document requests must "describe with reasonable particularity" the documents sought. The Court also considers that this is an

employment discrimination case. While the Federal Rules of Civil Procedure apply to employment discrimination cases, "the discovery of information pertaining to other employees must be limited to those employees who are similarly situated." *Quinonez-Castellanos v. Performance Contractors, Inc.*, No. 16-cv-4097-LTS, 2017 WL 3430511, at *3 (N.D. Iowa Aug. 9, 2017). "The Eighth Circuit Court of Appeals has clearly stated that 'a plaintiff in a wrongful termination case is not entitled to company-wide discovery absent a showing of a particular need for the requested information.'" *Id.* (quoting *Semple v. Fed. Express Corp.*, 566 F.3d 788, 794 (8th Cir. 2009)).

In addition, "the time period concerning the requested discovery must be 'reasonable.'" *Id.* (citing *Sallis v. Univ. of Minn.*, 408 F.3d 470, 478 (8th Cir. 2005)). However, the statute of limitations is not a cut-off. Regarding temporal scope, while a statute of limitations can be a helpful point of reference, discovery of information both before and after the liability period may be relevant and proportional. *See Johnson v. Charps Welding & Fabricating, Inc.*, No. 14-CV-2081 (RHK/LIB), 2015 WL 13883903, at *6 (D. Minn. May 14, 2015) ("At the discovery stage, it is sufficient to note that the mere fact that information pertains to a time period beyond a possibly applicable limitations period does not render it undiscoverable, so long as the request for such information is reasonable.").

The Court has reviewed the briefs and all the papers supporting the pending motion and the response filed. The Court has considered the arguments made, has reviewed each discovery request at issue, and considered both the relevance and proportionality of the discovery sought based on the information provided. Based on the Court's consideration, the file, submissions, and proceedings herein, the Court grants in

part and denies in part Plaintiff's motion as explained further below.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Production of Documents (Doc. No. 37) is granted in part and denied in part as follows:

   a.   Regarding RFP No. 2, the motion is granted.

   b.   Regarding RFP No. 3, the motion is denied as moot because Defendants have agreed that they will produce non-privileged documents relating to Plaintiff's claims in this case.

   c.   Regarding RFP No. 4, Defendants state that they have produced non-privileged documents responsive to subparts (a), (c), (e), and (i), and that Defendants will produce non-privileged documents responsive to subparts (d), (f), (g), and (h) to the extent that they exist. The Court agrees with Defendants that Plaintiff has not shown that policies referenced in subpart (b) are sufficiently relevant and proportional to the needs of the case. Defendants must produce the agreed-upon subpart policies dating back to **January 1, 2014**. Plaintiff's request to produce policies dating back to January 1, 2012 is denied as overly broad and not proportional.

   d.   Regarding RFP No. 6, the motion is denied because the request as drafted is overly broad and not proportional. The Court, however, observes that if Plaintiff seeks discovery to identify the occasions when in-house attorneys in the RMS Division have engaged outside trial counsel—who are not on the Preferred Provider lists at the time of engagement—in a case that has been litigated through trial since 2015, an interrogatory may be the better discovery vehicle.

   e.   Regarding RFP No. 8, Defendants have already agreed to provide a list of matters addressed by the RMS Discipline Review committee from **January 1, 2014** through the date of the document requests that involve misuse of privileged, confidential, and/or proprietary Lockheed Martin information in lieu of documents. Considering Defendants' position, Plaintiff's motion is granted in part to the extent that the list of matters prepared by the Defendants must include a summary of the allegations made relating to misuse along with the outcome of each matter, including whether any disciplinary action was taken on the matter. Regarding the remainder of the request, the motion is denied as overly broad and not proportional.

   f.   Regarding RFP No. 9, the motion is denied because the request as drafted—and as modified—is overly broad and not proportional.

   g.   Regarding RFP No. 10, the motion is granted in part and denied in part.

Defendants must produce documents sufficient to show the names, race, job level, and ratings history of attorneys in Lockheed Martin's RMS Division's legal department since **January 1, 2008**, along with the date of their promotion. The motion on the remainder of the request is denied as overly broad and not proportional.

      h.      Regarding RFP No. 11, the motion is granted in part as limited to documents relating to the appeals of Heritage RMS Division performance reviews for lawyers in the RMS Division initiated between **January 2014** through the date of service of the document requests. The motion on the remainder of the request is denied as overly broad and not proportional.

      i.      Regarding RFP No. 14, the motion is granted in part and denied in part. The motion is granted to the extent that Defendants must supplement their list of cases already provided to include those cases that went to trial from **January 1, 2014** forward. To the extent there are summaries or reports relating to those cases, those must be produced. The request is otherwise denied as overly broad and not proportional.

      j.      Regarding RFP No. 15, the motion is granted in part and denied in part. Defendants must produce documents in the possession custody and control of Defendants that identify, show, or reflect Plaintiff's internal communications regarding the status of the cases entitled *Balderrama v. Lockheed Martin Corporation* and *Braden v. Lockheed Martin*, and Plaintiff's internal communications relating to the management of the cases during the pretrial, trial, and post-trial stages. The motion on the remainder of the request is denied as vague, overly broad, and not proportional.

      k.      Regarding RFP No. 16, the motion is granted.

      l.      Regarding RFP No. 17, the motion is denied because the request as drafted—and as modified—is vague, ambiguous, overly broad, and not proportional.

      m.      Regarding RFP No. 18, the motion is granted in part and denied in part. Defendants must produce documents sufficient to identify complaints or charges of claims of discrimination from January 1, 2014 to the date of service of Plaintiff's document requests, by in-house attorneys employed by Defendant Lockheed Martin Corporation on the basis of race or color and/or retaliation and documents reflecting the outcome from these complaints or charges. Plaintiff has shown a particularized need for these documents. The motion on the remainder of the request is denied as overly broad and not proportional.

      n.      Regarding RFP No. 19, the motion is denied as vague, ambiguous, overly broad, and not proportional.

      o.      Regarding RFP No. 20, the motion is granted.

      p.      Regarding RFP No. 21, the motion is denied for a lack of showing of relevance, as overly broad, and not proportional.

      q.      Plaintiff's request for Defendants to pay Plaintiff's reasonable expenses and attorney's fees in bringing this motion is denied.

      r.      To the extent the parties need to confirm ESI protocol to complete the responses to document requests, the parties must complete their meet and confer regarding ESI no later than **14 days** following this Order, and a Stipulation regarding ESI must be jointly filed by the parties no later than **14 days** following this Order.

      s.      Documents ordered produced pursuant to this Order must be produced no later than **28 days** following this Order.

      t.      Nothing in this Order is intended to render any ruling on the assertion of privilege or work product protection. To the extent Plaintiff's motion seeks a ruling on Defendants' objections to specific document requests because responsive documents will include privileged or work protected documents, Plaintiff's motion is premature and denied without prejudice.

      u.      To the extent there are documents responsive to any of the above requests that Defendants assert are privileged or protected under the work product doctrine, they must be entered on a privilege log. Defendants must serve their privilege log within **35 days** following this Order. The Court does not take a position at this time on what the privilege logs should include and directs counsel for the parties to meet and confer no later than **7 days** following this Order to discuss what form and format the privilege logs should take to describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing the information itself, will enable other parties to assess the claims of privilege or work product protection.[1]

---

[1]    As set forth in the eDiscovery Guide provided on the Court's website, a discussion about privilege logs in connection with their productions may include:

- **Detail**. What information will be contained on the log and how much detail will describe the privilege asserted and content withheld/redacted?
- **Exclusions/Date Limitations**. Will certain categories or date ranges of communications be excluded, e.g., communications with outside litigation counsel, or privileged documents or ESI dated on or after the date of the complaint?
- **Format**. Will the log be provided as a spreadsheet containing agreed-

    v.  Any disputes regarding the assertion of privilege or work product protection must be brought to the Court (following a proper meet and confer) no later than **21 days** following the service of any privilege log. Informal Dispute Resolution is not available for disputes regarding privilege or work product protection.

Date: April 16, 2021

                   *s/ Becky R. Thorson*
                   BECKY R. THORSON
                   United States Magistrate Judge

---

upon metadata from the load file along with the privilege rationale?
- **E-mail Logging**. Will e-mail threads be logged as a single entry or multiple entries on the privilege log?
- **Consolidated Entries/Categorical Logging**. Can the parties log certain categories of privileged documents or ESI as a single entry, rather than individually, e.g., communications with outside litigation counsel?

Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners at 12–13 (January 2021), *available at* https://www.mnd.uscourts.gov/sites/mnd/files/eDiscovery-Guide.pdf.