

Kaarin Nelson Schaffer
Phone: (612) 808-9827
kaarin@conardnelson.com

January 11, 2023

The Honorable Judge David S. Doty
United Stated District Court Judge
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

**FILED/SERVED VIA ECF**

Re:    Daniel'la Deering v. Lockheed Martin Corporation
       Court File No.: 20-cv-1534 (DSD/ECW)

Dear Judge David S. Doty:

Pursuant to Local Rule 7.1(j), this letter constitutes Plaintiff Daniel'la Deering's letter to the Court requesting permission to file a motion to reconsider the Court's Order, filed on November 22, 22 [Doc. 180]. Rule 7.1(j) requires a party to show "compelling circumstances" to obtain permission to file a motion to reconsider a Court's order. Witness preclusion is a harsh remedy that should be reserved for only the most extreme circumstances, and Deering respectfully requests permission to request reconsideration on this one issue – whether Bill Egan and Grace Speights are appropriate trial witnesses – so the Court can be thoroughly briefed on this consequential question. As discussed below, compelling circumstances exist for the Court to permit a motion to reconsider.

Deering has three remaining claims, all of which are claims of illegal retaliation. All of these claims – to make sense to a jury and to be based on the best evidence – require testimony from Bill Egan and Grace Speights. It is undisputed that Bill Egan, as Plaintiff's attorney, notified Grace Speights, as Defendant's attorney, that Plaintiff was going to file her charge with the EEOC *before* Egan filed it. It is also undisputed that Defendant's alleged reason for terminating Plaintiff is the contents of what Egan filed with the EEOC. In its Order on Defendant's Motion for summary Judgment, this Court pointed out that the question for the jury "is whether Lockheed Martin lured Deering into providing the documents to third parties so that it could terminate her employment." *Id*. at p. 17. Egan and Speights were intimately involved in the correspondence leading up to Deering's termination, their testimony is the best evidence of what each party knew and did, and they will provide the foundation for critical documents. The two most critical witnesses to help a jury come to a just result are Egan and Speights.

January 11, 2023
Page 2

The Federal Rules of Civil Procedure create a consequence for failure to timely supplement pursuant to Rule 26(e). The Court has considerable discretion in fashioning an appropriate sanction for discovery violations. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). However, the more serious the sanction to be imposed, the more circumscribed that discretion becomes. *Id*. "[T]he exclusion of evidence is a harsh penalty [for a discovery violation] and should be used sparingly." *Id* (citing *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995)). Courts should consider whether lesser sanctions can create an appropriate remedy. See *Heartland Bank v. Heartland Home Finance, Inc.*, 335 F.3d 810, 817 (8th Cir. 2003).When courts in the Eighth Circuit determine whether a [discovery] failure was substantially justified or harmless, they consider (1) "the reason for noncompliance," (2) "the surprise and prejudice to the opposing party," (3) "the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial," and (4) "the importance of the information or testimony." *Id.* (citing *Sellers v. Mineta*, 350 F.3d 706, 711–12 (8th Cir. 2003)). A violation is "justified or harmless" if there is minimal prejudice or surprise to the Defendant. See *Serverside Group Ltd. V. Tactical 8 Technologies, L.L.C.*, 985 F.Supp.2d 900, 911 (N.D. Iowa 2013).

Here, the alleged failure was harmless. There was no surprise – Defendants have known since the beginning of this case that Egan and Speights were critical fact witnesses. Allowing the testimony does not disrupt the trial order – trial is now set for June. And the information it critical – arguably the most critical evidence the jury will hear on the question of "whether Lockheed Martin lured Deering..." And the 8th Circuit has "a strong policy favoring a trial on the merits and against depriving a party of his day in court." *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 996 (8th Cir. 1975).

The Court may also consider the harm a continuance may have on the Court's calendar (see *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1009 (8th Cir. 1998); *Travelers Express Co. v. Transaction Tracking Tech, Inc.*, No. 03-2848, 2005 WL 5979355, at *12 (D. Minn. May 2, 2005). Here, at the time of the Court's order, we did not have a trial date. Since this Court's order, trial has been set for June. If the Court is concerned with the late disclosure, the Court may allow the parties to depose these additional witnesses to prevent the element of surprise at trial.

Plaintiff simply request permission to file a motion to reconsider so we can thoroughly brief this issue. We appreciate this Court's time and effort in this matter.

Very truly yours,

/s/ *Kaarin Nelson Schaffer*
Kaarin Nelson Schaffer (MN # 0386919)