UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-1534(DSD/BRT)

Daniel'la Deering,

      Plaintiff,

v.                                  **ORDER**

Lockheed Martin Corporation,

      Defendant.

This matter is before the court upon plaintiff Daniel'la Deering's request for leave to file a motion for reconsideration with respect to the court's order denying Deering's motion in limine to supplement her Rule 26(a)(1) disclosures to include additional witnesses for trial and to expand the scope of testimony of certain already identified witnesses. ECF No. 180. Defendant Lockheed Martin Corporation opposes the request.

Motions to reconsider require the express permission of the court and will be granted only upon a showing of "compelling circumstances." D. Minn. LR 7.1(j). A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Deering argues that compelling circumstances exist because the motion in limine order precludes two critical witnesses – Bill

Egan (Deering's pre-suit counsel) and Grace Speights (Lockheed Martin's pre-suit outside counsel) - from testifying at trial. Neither person has been timely listed by Deering as a witness in this case.[1] Deering nevertheless argues that they are critical to her case. If true, they should have been identified from the outset, or in a reasonable time thereafter, as witnesses.

The primary issue for trial is whether Lockheed Martin essentially lured Deering into providing confidential and privileged documents to her counsel (Egan) and the EEOC so that it could terminate her for improper disclosure. It seems to the court that the truly critical witnesses on this issue are those individuals within Lockheed Martin at the relevant time – in other words, those individuals involved internally in assessing and handling Deering's EEOC complaint. Egan, for example, cannot speak to Lockheed Martin's intent or internal discussions. Speights, although possibly included in such discussions, would likely be unable to testify to much at all given the attorney-client privilege. As such, the court cannot conclude that there are compelling circumstances warranting a motion to reconsider.

---

[1] Egan is listed as lead counsel in this action, along with other lawyers. It would be highly unusual and problematic with respect to privilege issues for acting counsel to serve as a witness in the case, particularly as to events that occurred pre-litigation. Although she is not listed as counsel in this case, the court shares the same general concerns regarding Speights given that she provided counsel to Lockheed Martin on the substance of this matter.

Accordingly, **IT IS HEREBY ORDERED that** the request to file a motion to reconsider [183] is denied.

Dated: January 19, 2023

s/David S. Doty
David S. Doty, Judge
United States District Court