## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DANIEL'LA DEERING,<br><br>             Plaintiff,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION, et al.,<br><br>             Defendants. | Case No.: 0:20-cv-01534-DSD-ECW<br><br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT REGARDING AFFIRMATIVE DEFENSES** |

## MEMORANDUM OF LAW

**1. Defendant's affirmative defenses should be stricken or restricted because they were either improperly pled as affirmative defenses or rendered moot by this court's prior rulings.**

Plaintiff asks the Court to strike each of Defendants' affirmative defenses or restrict their use as affirmative defenses at trial. An "affirmative defense" is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true." *Safeway Transit LLC v. Disc. Party Bus, Inc.*, 954 F.3d 1171, 1182 (8th Cir. 2020). Defendant bears the burden of proof on its defenses. Fed. R. Civ. P. 8 & 12(i); *see also Locke v. City of Seattle*, 133 Wn. App. 696, 713, 137 P.3d 52 (2006).

In this case, the defendant has labeled all of its possible defenses as affirmative defenses. The majority of the defenses asserted, however, are standard defenses or denials, and are not true affirmative defenses.

Generally, if the plaintiff bears the burden of proof as to a defense alleged, that

1

defense is not an affirmative defense. An allegation that a plaintiff cannot prove a claim is not an affirmative defense, it is a denial. *Acosta v. Monsanto Co.*, No. 4:20CV3048, 2020 U.S. Dist. LEXIS 126892, at *5 (D. Neb. July 20, 2020); *Reinsdorf v. Skechers U.S.A., Inc.*, No. CV 10-7181 DDP (SSx), 2013 U.S. Dist. LEXIS 107631, 2013 WL 3878685, at *12 n. 11 (C.D. Cal. July 19, 2013). In contrast, a defense based on a plaintiff's failure or inability to satisfy its burden of proof on an element of his or her claim is not an affirmative defense. *Rikard v. United States Auto Prot., LLC*, No. 4:11CV1580 JCH, 2013 U.S. Dist. LEXIS 149380, at *17 (E.D. Mo. Oct. 17, 2013)

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court, on its own initiative, may at any time "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants may argue Plaintiff's move under 12(f) is untimely because the Rule requires Plaintiff to file the motion within 21 days of the answer being filed. This issue has been addressed and rejected by the Court. See *Hochberg v. Lincare, Inc.*, No. CV-07-0031-EFS, 2008 U.S. Dist. LEXIS 126222, at *4 (E.D. Wash. Mar. 12, 2008) (considering an untimely 12(f) motion to strike affirmative defenses finding "the twenty (20) day rule is unimportant given that a court may exercise its Rule 12(f) power at any time") (*citing Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 271 (S.D.N.Y. 1999)); *see also United States v. Wang*, 404 F.Supp.2d. 1155, 1157 (N.D. Cal. 2005) (finding that a court can consider the merits of an untimely motion to strike because parties have a right to challenge the legal sufficiency of a defense at any time).

The Court has the inherent authority to control the manner in which a case is presented at trial. "'The trial court has a gatekeeping function under the rules of evidence,' which "necessarily entails making judgment calls as to what the jury may hear." *State v. Arndt, No. 95396-1, slip op. at 29 (Wash. December 5, 2019)* (quoting *State v. Ellis*, 136 Wn. 2d 498, 540, 963 P.2d 843 (1998)). The defendant should not be allowed to present evidence, testimony or argument that are improperly pleaded and not supported by relevant, admissible evidence.

Affirmative defenses, like all pleadings, must also satisfy Rule 11. The assertion of affirmative defenses that have no factual basis would raise serious questions as to whether sanctions should be imposed under Rule 11. *Robinson v. Adams*, 2011 WL 2118753 (E.D. Cal. 2011) (citing *National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP,* 256 F.R.D. 678, 682 (C.D. Cal.2009) ("Rule 11 of the Federal Rules of Civil Procedure . . . requires parties to have some factual basis for their claims and allegations.")) (internal quotations and citations omitted).

Plaintiff asks the Court to strike each of Defendants' affirmative defenses. Defendants bear the burden of proof on their defenses. *See* FRCP 8; FRCP 12(i); *Locke v. City of Seattle*, 133 Wn. App. 696, 713, 137 P.3d 52 (2006). If Defendants are unaware of any facts in support of an affirmative defense raised in the answer, Defendants must make such an admission in discovery. Here, Defendants have made no disclosures to support their alleged affirmative defenses.

**2. Affirmative Defense No. 1: "One or more of the counts in the complaint fails to state a claim upon which relief can be granted," is not an affirmative defense**

**and, in the alternative is inapplicable to Plaintiff's remaining retaliation claims. It should be stricken.**

Failure to state a claim upon which relief can be granted is not an affirmative defense. *See Cope v. Let's Eat Out, Inc.*, No. 6:16-cv-03050-SRB, 2017 U.S. Dist. LEXIS 68597, (W.D. Mo. Apr. 18, 2017) ("a majority of courts within this circuit have held that failure to state a claim is not an affirmative defense"); *See also, e.g., Lemery v. Duroso*, No. 4:09CV00167 JCH, 2009 U.S. Dist. LEXIS 50771, 2009 WL 1684692, at *3 (E.D. Mo. June 16, 2009) ("failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Plaintiffs' prima facie case"); *Liguria Foors, Inc. v. Griffith Labs., Inc.*, No. C14-3041-MWB, 2014 U.S. Dist. LEXIS 160239, 2014 WL 6066050, at *3 (N.D. Iowa Nov. 13, 2014) (failure to state a claim is a defect in the plaintiff's claim, and not an additional set of facts that bars recovery notwithstanding the plaintiff's *prima facie* case). *Cf. CitiMortgage, Inc. v. Just Mortg., Inc.*, No. 4:09 CV 1909 DDN, 2013 U.S. Dist. LEXIS 174962, 2013 WL 6538680, at *8 (E.D. Mo. Dec. 13, 2013) (despite arguments that failure to state a claim is not an affirmative defense, Rule 12(g) "expressly allows failures to state a claim to be raised in pleadings")." *Cope v. Let's Eat Out, Inc.*, at *14-15.

This affirmative defense should be stricken. Alternatively, the defendant should be barred from introducing evidence or making an argument that the Plaintiff's retaliation claims fail to state a claim upon which relief can be granted.

3. **Affirmative Defense No. 2: "Plaintiff's claims are barred in whole or in part by waiver, estoppel, unclean hands, laches, and/or other equitable doctrines" is not pled with enough specificity to validify the defenses and has been nullified by the Court's prior rulings. These defenses should be stricken.**

Defendant's second affirmative defense is inapplicable to Plaintiff's claims of retaliation. The retaliation claim is a legal claim, not an equitable one, and these equitable defenses simply do not apply to the remaining issues for trial. The legal defense, waiver, is also inapplicable and unsupported by the evidence.

Affirmative defenses are subject to the same pleading scrutiny imposed by Rule 8(a) and *Twombly/Iqbal. See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 & n.3 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Losada v. Norwegian (Bahamas) Ltd.*, No. 13-cv-22256-JLK, 2013 WL 6622911, * 2 (S.D. Fla. Dec. 16, 2013) ("After reviewing the case law on the issue and the purpose of an affirmative defense, this Court finds that affirmative defenses should be subject to the same general pleading standards of complaints.") Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to give the opposing party fair notice of the claim and its grounds. *See Twombly*, 550 U.S. at 555-56, n.3. The pleading must articulate enough facts to raise a plausible right to relief on the assumption that all of the non-conclusory, factual allegations in the complaint are true. *Id.* at 555; *Iqbal*, 129 S. Ct. at 1949. Formulaic recitations filled with labels and conclusions without factual allegations are insufficient. *Twombly*, 550 U.S. at 555.

An affirmative defense must be pled with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Jumpsport, Inc. v. Acad., Ltd.*, No. 6:17-cv-414-RWS-JDL (, 2018 U.S. Dist.

LEXIS 231595, at *8-9 (E.D. Tex. Sep. 6, 2018) quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'" *Id.* (quoting *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)). In some cases, "merely pleading the name of the affirmative defense . . . may be sufficient." *Id.* "A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Jumpsport, Inc. *9 quoting Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987).

Defendant's second affirmative defense is conclusory and fails to allege sufficient facts to support it. The affirmative defenses listed lack the specificity required by *Twombly/Iqbal*. Plaintiff should have fair notice of the specific factual allegations underlying each particular defense. *See, e.g., Nat'l Christmas Prods., Inc. v. Oj Commerce, LLC*, No. 22-CV-60897-WPD, 2022 U.S. Dist. LEXIS 236928, at *4-5 (S.D. Fla. Nov. 18, 2022); *New York Disc. Plus, Inc. v. Scottsdale Ins. Co.*, No. 13-24231-CIV, 2014 U.S. Dist. LEXIS 14148, 2014 WL 467235 (S.D. Fla. Feb. 5, 2014) (striking affirmative defenses that did not include adequate factual support).

For some defenses such as contributory negligence, it is enough to merely name the defense to put the plaintiff on notice.  However, for other broad defenses, merely naming these defenses with no support is not enough to put a plaintiff on notice that a defendant intends to raise the defense. *Woodfield v. Bowman*, 193 F.3d 354, 361 (5th Cir. 1999). In this regard, courts have held that defenses of unclean hands, laches, waiver, and estoppel must be pled with specificity. *Nguyen v. HOVG, LLC*, No. 14cv837

BTM(RBB), 2014 U.S. Dist. LEXIS 149719, at *3 (S.D. Cal. Oct. 20, 2014) *Dionisio v.*

*Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1196 (S.D. Fla. 2019) *Arisma*

*Grp. v. Trout & Zimmer*, Civil Action No. 3:08-CV-1268-L, 2009 U.S. Dist. LEXIS

150144, at *3-4 (N.D. Tex. Oct. 23, 2009) *Herrera v. JK & HE Bus., LLC*, No. H-14-

2986, 2016 U.S. Dist. LEXIS 142420, at *28 (S.D. Tex. Oct. 14, 2016)

**4. Defendant's Affirmative No. 3: "Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations" fails as a matter of law.**

The timeliness of plaintiff's filing of her retaliation charge is not at issue and

never was. The claims to which this affirmative defense could even arguably have

applied were dismissed by this Court on defendant's Rule 12 and Rule 56 motions. This

affirmative defense should be stricken.  In the alternative, defendant should be

prohibited from introducing evidence or argument that plaintiff's retaliation claims were

untimely.

**5. Defendant's Affirmative Defense No 4: "Plaintiff's claims are barred, in whole or in part, because she was employed at will and could be terminated with or without cause" is argument – it is not an affirmative defense. It should be stricken.**

The at will employment doctrine is not an affirmative defense in an action arising

out of Title VII. *EEOC v. Cal. Psychiatric Transitions*, 725 F. Supp. 2d 1100, 1118

(E.D. Cal. 2010). Indeed, an at-will employee may not be terminated in violation of

public policy. *Id. citing Freund v. Nycomed Amersham,* 347 F.3d 752, 758 (9th

Cir.2003) (holding that "at will" employment relationships allow employers to discharge

employees for any reason that does not violate public policy). See also *Hughes v.*

*Napleton's Holdings, LLC*, No. 15 C 50137, 2016 U.S. Dist. LEXIS 155202, at *13

(N.D. Ill. Nov. 9, 2016; See, e.g., *Rao v. Covansys Corp.,* No. 06 C 5451, 2007 U.S.

Dist. LEXIS 3267, 2007 WL 141892, at *3 (N.D. Ill. Jan. 17, 2007) (explaining that at-

will employment is not an affirmative defense to a claim of retaliatory

discharge); *Flasza v. TNT Holland Motor Exp., Inc.,* 155 F.R.D 612, 614 (N.D. Ill. 1994)

(holding that under certain circumstances an at-will employee may not be terminated at

any time).

    At-will employment is not a defense to a termination for discriminatory or

retaliatory reasons. Accordingly, this affirmative defense should be stricken.

**6.  Defendant's Affirmative Defense No. 5: "Plaintiff's claims are barred, in whole or in part, by the business judgment rule" is not an affirmative defense. It should be stricken.**

    Courts have held the business judgment rule is not an affirmative defense. *FDIC v.*

*Spangler*, 836 F. Supp. 2d 792 (N.D. Ill. 2011) (finding that the business judgment rule is

not an affirmative defense). The business judgment rule is not an affirmative defense.

*Kravitz v. Summersett (In re Great Lakes Comnet, Inc.)*, 586 B.R. 718, 725 (Bankr. W.D.

Mich. 2018) Rather, it is a substantive and procedural presumption that must be rebutted,

even at the motion to dismiss stage. *Id. citing See, e.g., Xtreme Power Plan Trust v.*

*Schindler (In re Xtreme Power, Inc.)*, 563 B.R. 614, 642 (Bankr. W.D. Tex. 2016); *Boles*

*v. Filipowski (In re Enivid, Inc.)*, 345 B.R. 426, 442-43 (Bankr. D. Mass. 2006).

**7.  Defendant's Affirmative Defense No. 6: "Some or all of the forms of relief sought in the complaint are barred because defendant has at all times acted in good faith and with the honest belief that its conduct was in compliance with federal and state civil rights statutes" is not an affirmative defense. It should be stricken.**

Whether or not the Defendant acted in good faith is not an affirmative defense; it is a denial. Defendant does not have the burden of proving it acted in good faith. Ergo, this defense should be stricken. *Jones v. Knox Cty. Ass'n for Retarded Citizens*, No. 2:15-cv-257-WTL-DKL, 2016 U.S. Dist. LEXIS 52047, at *4-5 (S.D. Ind. Apr. 19, 2016) *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705-FtM-38CM, 2014 U.S. Dist. LEXIS 41005, at *20 (M.D. Fla. Mar. 25, 2014)

8. **Defendant's Affirmative Defense No. 7: "Plaintiff's claims are barred in whole or in part because any alleged acts or omissions of defendant that gave rise to plaintiff's alleged claims were at all times made in accordance with legitimate, non-discriminatory, and non-retaliatory reasons" is not an affirmative defense. It should be stricken.**

Evidence that the Defendant's decision to terminate the Plaintiff was for legitimate nondiscriminatory/non-retaliatory reasons is not an affirmative defense. *Benson v. City of Lincoln*, No. 4:18CV3127, 2023 U.S. Dist. LEXIS 35025, at *16 (D. Neb. Mar. 1, 2023) Courts have long held that a legitimate, nondiscriminatory or nonretaliatory reason is not an affirmative defense but a denial of the plaintiff's allegations. *Id*. at *3. This defense, accordingly, it should be stricken.

9. **Defendant's Affirmative Defenses No. 8: "Plaintiff's claims are barred because she did not suffer an actionable adverse employment action as a result of Defendant's conduct"; 9: "Plaintiff's claims are barred because any adverse employment action would have been taken regardless of any alleged discriminatory conduct by the Defendant"; 10: "Plaintiff's claims are barred, in whole or in part, because defendant has committed no act or omission causing damage to Plaintiff" are not affirmative defenses. They are denials. They should be stricken.**

The negative of a claim upon which a plaintiff bears the burden of proof is not an affirmative defense. *Acosta v. Monsanto Co.*, No. 4:20CV3048, 2020 U.S. Dist. LEXIS 126892, at *5 (D. Neb. July 20, 2020) *Rikard v. United States Auto Prot., LLC*, No.

4:11CV1580 JCH, 2013 U.S. Dist. LEXIS 149380, at *17 (E.D. Mo. Oct. 17, 2013) (A defense based on the plaintiff's failure or inability to satisfy its burden of proof on an element of his or her claim is not an affirmative defense). "An affirmative defense which merely points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense at all." *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fl. 2007).

Defendant's eighth affirmative defense is that plaintiff's claims are barred because she did not suffer an actionable adverse employment action as a result of its conduct. This is not an affirmative defense because plaintiff bears the burden of proof that she suffered an adverse employment action. There remains no dispute that plaintiff did, in fact, suffer an adverse employment action. The defense should be stricken,

Defendant's ninth affirmative defense is that plaintiff's claims are barred because any adverse employment action would have been taken regardless of any alleged discriminatory conduct by the defendant. This is not an affirmative defense. This court has held that defendant has met its burden of production under the *McDonnell Douglas* test by presenting a legitimate, non-discriminatory reason for its decision to terminate plaintiff's employment. The plaintiff bears the burden of proof that retaliation was the actual reason for her termination. A plaintiff's failure to prove an element of her claim is not an affirmative defense. This defense should be stricken.

Defendant's tenth affirmative defense is that plaintiff's claims are barred, in whole or in part, because defendant has committed no act or omission causing damage to plaintiff. Again, plaintiff has the burden of proving her damages. Failure to prove

10

damages is not an affirmative defense; it is an argument. This affirmative defense should be stricken. Defendant's position on each of these matters are general denials, not affirmative defenses. These are not affirmative defenses; they should be stricken.

10. **Defendant's Affirmative Defense No. 12: "Plaintiff's claims are barred, in whole or in part, by her failure to mitigate, or reasonably attempt to mitigate, her damages" is not supported by admissible evidence and should be stricken.**

Failure to mitigate damages, sometimes referred to as the doctrine of avoidable consequences, is an affirmative defense for which the defendant has the burden of proof. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 146 (2004) (holding that the affirmative defense articulated in Ellerth and Faragher is available to an employer whose supervisors are charged with harassment). The doctrine acts to reduce or limit the plaintiff's recovery by disallowing those items of damages which might have been avoided by reasonable conduct on the plaintiff's part. *Id.; see also Ford Motor Co. v. Dallas Power & Light Co.*, 499 F.2d 400, 414 (5th Cir. 1974). *Ekokotu v. Fed. Express Corp.*, No. 1:08-CV-3238-BBM-GGB, 2009 U.S. Dist. LEXIS 136716, at *13 (N.D. Ga. Mar. 26, 2009); *Hegler v. Board of Education*, 447 F.2d 1078, 1081 (8th Cir. 1971) (the overwhelming authority places the burden on the wrongdoer to produce evidence showing what the appellant could have earned to mitigate damages)

Should an employee succeed on an employment discrimination claim, the employer bears the burden of establishing a mitigation affirmative defense by a preponderance of the evidence. The employer must establish that (1) "there were substantially equivalent jobs available, which [the employee] could have obtained," and (2) that the employee "failed to use reasonable diligence in seeking one." *Ingram v. Pac.*

*Gas & Elec. Co.*, No. 12-cv-02777-JST, 2014 U.S. Dist. LEXIS 9857, at *16-17 (N.D. Cal. Jan. 27, 2014) citing E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 906 (9th Cir. 1994) The effect of an employee's failure to mitigate damages is a reduction in back pay or front pay damages. *Id.*

"Substantially equivalent" employment is "employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant has been discriminatorily terminated." *Id. citing Sellers v. Delgado Cmty. Coll.,* 839 F.2d 1132, 1138 (5th Cir. 1988). However, the employee "need not go into another line of work, accept a demotion, or take a demeaning position." *Id. citing Ford Motor Co. v. E.E.O.C.,* 458 U.S. 219, 231, 102 S. Ct. 3057, 73 L. Ed. 2d 721 (1982). Moreover, "[a] discharged worker is not held to the highest standard of diligence in his or her efforts to secure comparable employment; 'reasonable' exertions are sufficient." *Id. citing N.L.R.B. v. Mercy Peninsula Ambulance Serv., Inc.,* 589 F.2d 1014, 1018 (9th Cir. 1979).

In short, "defendants cannot meet their burden of proving that Plaintiff failed to mitigate her damages simply by calling Plaintiff to testify that she was unsuccessful in obtaining any alternative employment." *Wagner v. Jones*, 899 F. Supp. 2d 835, 839 (S.D. Iowa 2012) (citing *Prine v. Sioux City Cmty. Sch. Dist.,* 95 F. Supp. 2d 1005, 1012-13 (N.D. Iowa 2000)).

To date, the defendant has produced no evidence or authority to support the failure to mitigate defense. Based on the lack of evidence, Plaintiff respectfully asks the Court to strike the failure to mitigate defense and enter an order in limine that there is to be no

mention, comment, question, testimony, opinion, argument that Ms. Deering has failed to mitigate her damages. In the alternative, because they have failed to produce evidence or disclose their position in respect to this defense, the Defense should be required to make an offer of proof outside the presence of the jury on any matter relevant to the failure to mitigate defense.

11.   **Defendant's Affirmative Defense No. 13, "Plaintiff's claims for exemplary or punitive damages are barred, in whole or in part, by the provisions of Title VII, Section 1981, the MHRA, and the U.S. Constitution" is not an affirmative defense, it is an argument seeking to limit damages. It should be stricken.**

An argument that seeks to limit recoverable damages is not an affirmative defense. See Fed. R. Civ. P. 8(c); *Motorola, Inc. v. United States*, 729 F.2d 765, 769 (Fed. Cir. 1984) (finding that 35 U.S.C. § 287 constituted a limitation of damages only, not an affirmative defense, when section 287 stated that "no damages shall be recovered."); *THI of Texas at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 588 (Tex. Ct. App. 2010) (holding that two state statutes that limited the plaintiff's remedies were not affirmative defenses); *See Roe v. City of San Diego*, 289 F.R.D. 604, 610 (S.D. Cal. 2013) (holding that defendants' denial of punitive damages was not an affirmative defense because it asserted that the plaintiff had not met her burden of proof); *Hernandez v. Cnty. of Monterey,* No. 5:13-cv-2354-PSG, 2015 U.S. Dist. LEXIS 49862, 2015 WL 1738281, at *1 (N.D. Cal. Apr. 14, 2015); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010) (citing *Roberge v. Hannah Marine Corp.*, No. 96-cv-1691, 1997 U.S. App. LEXIS

21655, 1997 WL 468330, at *3 (6th Cir. 1997)); *see also First Union Nat. Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 1974).

12. **Defendant's Affirmative Defense No. 14: "Defendant's actions were not undertaken with willfulness, malice, or reckless indifference to Plaintiff's legally protected rights" is not an affirmative defense and should be stricken.**

Here again, the defendant confuses a denial with an affirmative defense. This defense is directed at the punitive/exemplary damages issue. The Civil Rights Act of 1991 and *Kolstad v. Am. Dental Ass'n*, allow punitive damages for Title VII violations where employers discriminated intentionally or discriminated with malice or reckless indifference to federally protected rights: "With the passage of the 1991 Act, Congress provided for additional remedies, including punitive damages, for certain classes of Title VII and ADA violations." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999).

The Civil Rights Act of 1991 provides for punitive damages where employers "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C.A. § 1981a. The employer's state of mind is salient when determining availability of punitive damages, (*Kolstad,* 527 U.S. at 534) and courts have found the Plaintiff's burden of persuasion for Title VII punitive damages to be preponderance of the evidence. *White v. Burlington N. & Santa Fe R. Co.*, 364 F.3d 789, 805-06 (6th Cir. 2004) (citing *Notter v. North Hand Protection*, No. 95-1087, 89 F.3d 829, [published in full-text format at 1996 U.S. App. LEXIS 14954], 1996 WL 342008, at *10 (4th Cir.

1996)). Because the burden is on Plaintiff, the referenced affirmative defense is NOT an affirmative defense – it is a denial that should be stricken.

In addition, the Minnesota Human Rights act expressly provides for an award of punitive damages up to $25,000. (Minn. Stat. § 363A.29, subd. 4)

**13.**     **Defendant's Affirmative Defense No. 15: "Plaintiff's claims are barred by the immunities afforded to Defendant by federal and state law including qualified and discretionary immunity," is not pled with adequate specificity to understand the defense, is inapplicable to this case, and should be stricken.**

Defendant has not pled this affirmative defense with enough specificity to determine what immunity it suggests applies.  As set forth herein above, in pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests. Fed. R. Civ. P. 8; *Nasuti v. Walmart, Inc., No. 5:20-CV-5023-LLP, 2021 U.S. Dist. LEXIS 145920, at *3 (D.S.D. Aug. 4, 2021)citing Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171(N.D. Cal. 2010) To be adequately pled the affirmative defense must provide enough information to allow the plaintiff to know what inquiries to pursue during discovery.  *Williamson v. Unifund CCR Partners*, No. 8:08CV218, 2009 U.S. Dist. LEXIS 8291, 2009 WL 187702, at *2 (D. Neb. Jan. 23, 2009).

Here, Defendant, a non-government entity, asserts immunity as an affirmative defense in a Title VII action.  This makes no sense.  We are a month from trial.  The

Court has already made rulings on summary judgment.  Immunity has never been raised.

It will not be an issue at trial subject to the elements of the remaining claims.

Because Defendant has provided no factual basis for this affirmative defense, and

because the nature of the defense is not otherwise apparent given the claims before the

Court, the defense is insufficiently pled. *See Barnes*, 718 F. Supp. 2d. at 1172; *see*

*also Vogel*, 291 F.R.D. at 441-42 (finding that defendant's defenses of privilege and

justification were insufficient because they lacked legal or factual support); *Kohler v.*

*Islands Rests., LP*, 280 F.R.D. 560, 570 (S.D. Cal. 2012) (striking failure to mitigate

defense where it lacked factual basis); *Devermont v. City of San Diego*, 2013 U.S. Dist.

LEXIS 83495, 2013 WL 2898342, at *16-17 (S.D. Cal. June 12, 2013) (quoting *Roe*, 289

F.R.D. at 611-12) ("[a] bare assertion of negligence or contributory fault without 'any

indication of the conduct supporting the defense' does not pass muster, even under the

fair notice standard."). Accordingly, the Court should strike the immunity defense.


Dated: June 5, 2023                     By: */s/ Kaarin Nelson Schaffer*
                                        Kaarin Nelson Schaffer (#0386916)
                                        **CONARD NELSON SCHAFFER**
                                        121 South 8th Street, Suite 1425
                                        Minneapolis, MN 55402
                                        (612) 808-9827
                                        kaarin@conardnelson.com

                                        By: */s/ William J. Egan*
                                        William J. Egan (#0166029)
                                        **AVISEN LEGAL, P.A.**
                                        901 Marquette Ave., Suite 1675
                                        Minneapolis, MN 55402
                                        (612) 437-4830

began@avisenlegal.com

By: */s/ Heidi J.K. Fessler*
Heidi Fessler (#0226798)
**INNOVA LAW GROUP, PLLC**
15624 Europa Avenue North
Hugo, MN 55038
Minneapolis, MN 55402
(651) 278-3895
hfessler@innovalawgroup.com

**ATTORNEYS FOR PLAINTIFF**