# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

DANIEL'LA DEERING,

       Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,

       Defendant.

Civil Action No. 0:20-cv-1534 (DSD/BRT)

**DEFENDANT LOCKHEED MARTIN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION FOR THE SANCTION OF DISMISSAL WITH PREJUDICE**

## INTRODUCTION

This Motion addresses troubling and perjurious conduct by Plaintiff—a member of the Bar with more than 25 years of experience as an employment litigator—over the past ***nineteen months*** of this litigation that Lockheed Martin discovered just last week. Plaintiff has lied under oath and withheld key documents to hide from Lockheed Martin and the Court, that she obtained new employment in 2021 that pays her near (or potentially more than) what she received at Lockheed Martin. Although Lockheed Martin does not make this request lightly, the severity of Plaintiff's dishonesty and the length of time for which it lasted (plus that Plaintiff is an officer of the Court who must be held to a higher standard than a typical litigant) warrants a serious sanction under the Court's inherent authority: dismissing her lawsuit with prejudice. Indeed, many federal courts have imposed this sanction on even non-lawyer litigants who engaged in similar (and, in one case, nearly identical) misconduct.

Until last week, Lockheed Martin (and undersigned counsel) had been under the impression—based on Plaintiff's sworn deposition testimony and discovery responses— that Plaintiff was employed by a company called nVent and being paid much less than she made at Lockheed Martin. However, last week, on June 7, 2023, when Plaintiff produced her proposed trial exhibits, Lockheed Martin discovered documents that Plaintiff had never previously produced and learned that on October 12, 2021—three weeks ***before*** her deposition in this case—Plaintiff signed a lucrative employment offer to become Associate General Counsel at Anaplan, where she started on November 8, 2021. On November 1, 2021, Plaintiff sat in her deposition, knowing that she had just accepted this job and was

set to start it in one week (which she did). Plaintiff intentionally hid that information and never produced that information to Lockheed Martin before or after her deposition.

When Deering was asked straightforward questions about her post-Lockheed Martin efforts to find work, ***she lied***. She swore that it was "so exhausting and disheartening to keep applying for jobs and not get[] any[]" and that she had "***not looked for any alternative employment [besides at nVent]"*** since "***February of 2021***." Plaintiff lied under oath. And Plaintiff then compounded her lie by hiding documents and making additional false representations over the next 19 months.

Three days before her deposition and in the weeks and months that followed, Plaintiff made several supplemental document productions where she produced every shred of paper that she thought could support her claim, including totally irrelevant ones, but somehow failed to produce ***any*** documents reflecting her new job at Anaplan or her new compensation (even though Lockheed expressly requested such documents). Nor did she supplement (as she knew she was required to do) her verified responses to Lockheed Martin's interrogatories, which expressly asked her to identify her post-Lockheed Martin employers. She allowed this litigation to proceed—including having Lockheed Martin and the Court put time and resources into two settlement conferences under the false impression that she was at nVent at a lower compensation level—for 19 months. Finally, just last month (May 25, 2023), Plaintiff provided a "supplemental: initial disclosure" document with a  calculation of her purported damages for the first time (despite Lockheed Martin's

asking her to do so multiple times).[1] In that calculation, she ***again*** deliberately made false statements by indicating that her 2022 compensation was in the mid-$200,000's—an amount that was consistent with what Lockheed Martin understood she was making at nVent, but far less than what she actually made that year at Anaplan.

Astonishingly, yesterday, on the evening of June 11, 2023, after being informed by Lockheed Martin that it intended to file this motion in the morning, Plaintiff concocted yet another version of her "initial disclosures" with a new damages calculation. Plaintiff's counsel claimed that the new version was correcting the "error" from the May 25, 2023, disclosure, but the new damages calculation is still inconsistent with the newly discovered compensation information that had been withheld for more than 19 months. Plaintiff also submitted a self-described summary of mitigation and damages, which was never previously produced and actually appears to have been created by a damages expert even though there are no experts in this case. Moreover, it is clear that Plaintiff has still not produced all relevant documents about her earnings and benefits at Anaplan. This newest disclosure document merely accentuates Plaintiff's discovery abuses.

Eighth Circuit precedent makes clear that this type of conduct by ***any*** litigant—let alone an officer of the Court—warrants a sanction of dismissal. *See Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694 (8th Cir. 2001); *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999). And although Lockheed Martin recognizes that dismissal

---

[1] For a complete recital of Plaintiff's failure to satisfy her obligations under Rule 26 with respect to damages calculations and evidence, *see* Lockheed Martin's Motion in Limine to Preclude Certain Damages Evidence. ECF Nos. 205-206.

is a severe sanction, the Court need not have any misgivings about imposing it. Courts in this District and other Circuit Courts have done so for similar misconduct by ***non-lawyer*** litigants—indeed, even an "uneducated" one—because "it does not take a graduate degree to understand that it is unacceptable to hide evidence and lie in a deposition." *Negrete v. Nat'l R.R. Passenger Corp.*, 547 F.3d 721, 724 (7th Cir. 2008) (affirming sanction of dismissal with prejudice).

Dismissal with prejudice is the appropriate sanction.

## FACTS

On November 23, 2020, Lockheed Martin served discovery asking for documents and information about Plaintiff's post-Lockheed Martin employment and compensation:

> **RFP No. 4:** Your federal and state income tax returns, Forms W-2, and all other documents that evidence, refer or relate to the amount and source of income earned or received by you for the years 2015 to the present day, including, but not limited to, monies received from self-employment, employment with Lockheed Martin, employment with other employers, or from the federal, state, or local government.

> **Interrogatory No. 14:** Describe in detail your employment (including self-employment) since the termination of your employment by Lockheed Martin, stating the identity of your employer, your business address and telephone number, your job title, the identity of your supervisor, a description of your job duties, and your compensation and employee benefits.

> **Interrogatory No. 15:** Identify each employer with whom you applied for or otherwise sought employment during or after your employment at Lockheed Martin, stating for each the name, business address and telephone number, the title of the job sought, how you learned of the opportunity, whether you were interviewed for the job, and whether a job offer was extended.

*See* Exs. A and B,[2] Def.'s First Set of Requests for Production (No. 4) and Interrogatories (Nos. 14, 15).[3]

On December 23, 2020, Plaintiff responded ***without objection*** to these requests, leading Lockheed Martin to believe that she would provide honest and complete information and documents and continue to supplement as required by Federal Rule of Civil Procedure 26(e):

> **RFP No. 4:** Subject to and without waiving any objections [which Plaintiff did not assert], responsive documents will be produced pursuant to the Protective Order entered herein at a mutually agreeable time and manner.

> **Interrogatory No. 14:** Contract Attorney, The Forum Group, contact Shawn Ball 260 Madison Avenue, Suite 200, New York, NY 10016 working at Land O'Lakes, 4001 Lexington Avenue N., Arden Hills, MN 55126, Supervisor, Charles Von Felt, work on overflow matters in the legal department, - contract reviews, litigation, HR advise and employment law issues, IP issues. No benefits, $125/hr

> **Interrogatory No. 15:** See the attached appendix to these Answers to Interrogatories listing those positions.

---

[2] All references to "Ex. __" are to the exhibits to the Declaration of Benjamin K. Jacobs, filed herewith.

[3] In addition to the duty to supplement under Federal Rule of Civil Procedure 26(e), the Instructions to Lockheed Martin's Requests and Interrogatories made clear that they are "continuing" and instructed Plaintiff that "[i]f additional responsive information is discovered or comes to Plaintiff's attention after these Interrogatories are answered, up to and through the time of trial, demand is hereby made that such additional information be provided ***immediately***." Ex. B, Interrog. Instruction No. 4; *see also* Ex. A, RFP Instruction No. 3 (duty to supplement document production continues through the conclusion of case and failure to supplement shall be deemed 'knowing concealment' of such documents").

*See* Exs. C and D. Pl.'s Resp. to RFP No. 14 and Interrog. Nos. 4 and 15; Ex. E Appendix to Interrogatory Resp. Plaintiff never supplemented these responses during discovery.

On November 1, 2021, Lockheed Martin took Plaintiff's deposition. *See* Ex. F. At this point, Plaintiff had last produced documents related to her employment on August 20, 2021, except for a supplemental production made just three days before her deposition on October 29, 2021. Jacobs Decl. ¶ 17. The August 2021 production contained documents that showed that Plaintiff was working at nVent with annual compensation in the mid $200,000's. *Id.* In Plaintiff's supplemental production on October 29, 2021, just two days before her deposition, Plaintiff included no additional documents relating to job efforts, employment, or compensation beyond what had previously been provided relating to nVent. Jacobs Decl. ¶ 17. At her deposition, Plaintiff testified that she was still working at nVent and that she had made no efforts to secure alternate employment since (at the latest) February 2021:

> Q.      Are there any efforts beyond December of 2020 that you've made to secure other employment that are not in this document [the Appendix]?
>
> **A.      Not that I'm aware of. It's exhausting and disheartening to keep applying for jobs and not getting anything.**
>
> Q.      Right. Is that the reason why you haven't applied for any positions after December 2020?
>
> **A.      I don't know if I -- I'll need to update that if I have. I'll have to check. I may have submitted a couple applications, but not many. I didn't start my job with nVent until February 2021, so we'll need to update that.**
>
> Q.      Have you applied -- have you looked for any alternative employment while you've been working for nVent?
>
> **A.      No.**

Q       So you may have applied to a few jobs between the end of December and February of 2021, but you haven't done any since. Is that correct?

**A.       That's correct.**

Ex. F, Deering Dep., 161:23-162:18 (emphasis added).

Plaintiff's deposition testimony has now been revealed to be false. In fact, what Lockheed Martin learned on June 7, 2023, is that Plaintiff had signed an offer and employment agreement with a company called Anaplan **three weeks before her deposition** on October 12, 2021, and knew that her start date was **one week after the deposition**, on November 8, 2021. Ex. G, Signed Anaplan Offer Letter. Plaintiff, however, testified not only that she had not sought or applied for any other positions since February 2021, but elaborated that it was "**exhausting and disheartening to keep applying for jobs and not getting anything**"—despite having received an offer (with a substantial increase in compensation) three weeks before. Ex., F, Deering Dep., 162:2-3 (emphasis added).

Plaintiff continued to make document productions after her deposition, but she never included any information relating to her new job and compensation. Jacobs Decl. ¶¶ 18-19. Twelve days after her deposition and after she had started working at Anaplan, Plaintiff made a supplemental document production in which she included documents relating to historical lawsuits involving Lockheed Martin that she presumably believed advanced her case (even though they were totally irrelevant). Jacobs Decl. ¶18. Plaintiff again included no documents related to her new job, job search activity post nVent, employment at Anaplan, or compensation at Anaplan. *Id*. On November 15, 2021, just three days later, Plaintiff made another supplemental document production of largely

irrelevant materials that, again, she undoubtedly thought favored her case or would embarrass Lockheed Martin. Jacobs Decl. ¶ 18. Yet, once again, she included no documents related to her new job, her job search activity post nVent, her employment at Anaplan, or compensation at Anaplan. *Id.* Finally, Plaintiff made **one last** supplemental document production on March 11, 2022, but still included no documents related to her new job, job search activity post-nVent, employment at Anaplan, or compensation at Anaplan. Jacobs Decl. ¶ 19. Plaintiff had documents related to her employment at Anaplan when she was deposed and when she made her subsequent productions. On each occasion, she failed to disclose those documents.

Throughout this time—and based on Plaintiff's sworn testimony, discovery responses, and document productions—Lockheed Martin proceeded under the impression that Plaintiff was working at nVent at an annual compensation rate in the mid-$200,000's. Jacobs Decl. ¶ 20. The parties also conducted settlement conferences in this matter on January 19, 2022, and November 8, 2022—both of which occurred after Plaintiff started her new job at Anaplan. Jacobs Decl. ¶ 21. Magistrate Judge Thorson required the parties to submit to the Court confidential letters before the settlement conference that, among other things, provided an "itemized computation of each element of the alleged damages" before each conference. ECF Nos. 119, 171. Although Lockheed Martin does not have access to the letter that Plaintiff submitted, at these conferences the negotiations before Judge Thorson proceeded on the assumption that Plaintiff was still employed at nVent at approximately the same compensation level. Jacobs Decl. ¶ 21. It is impossible to believe

that Plaintiff's submission to Judge Thorson contained truthful information given that Plaintiff affirmatively hid that information from Lockheed Martin.

Plaintiff's pattern of deception continued on May 25, 2023, when she served updated Rule 26 Disclosures and provided, for the first time, a purported calculation of her economic damages. Ex. H. The Disclosures listed Plaintiff's 2021 "Annual Income" as $196,281. *Id.* This is false. In fact, Plaintiff's gross income for 2021 (because she spent part of the year at Anaplan) was $342,839. Ex. I, Pl.'s 2021 Individual Taxes.[4] Similarly, Plaintiff's purported "Annual Income" for 2022 in the May 25, 2023, Disclosures was listed as $260,866. Ex. H. This statement was also false. In fact, Plaintiff's 2022 annual income was $452,214.40, or almost $200,000 higher than her counsel represented to Lockheed Martin.[5] Ex. J, 2022 W-2. None of this information was available to Lockheed Martin until it discovered the accurate information in Plaintiff's proposed trial exhibits. Jacobs Decl. ¶ 22.

---

[4] Plaintiff omitted a cash payment of more than $147,000 from Anaplan that she received on December 7, 2021, approximately one month after her deposition.

[5] Lockheed Martin's counsel contacted Plaintiff's counsel on June 9, 2023, as a professional courtesy to inform counsel that Lockheed Martin intended to raise the sanctions issue. Plaintiff's counsel followed up via email that evening, conceding that there were errors in the Disclosures, apologizing for those errors, and promising to correct the errors. Ex. M. Although Lockheed Martin appreciates counsel's apology and correction, that after-the-fact action does not change Plaintiff's false testimony at her deposition, concealment of documents for over a year and a half, and affirmative efforts to mislead Lockheed Martin regarding her mitigation and the value of her claims throughout that time. Deering's false statements in the May 25 Disclosures are merely the latest of a long series of improper actions in this regard.

Plaintiff finally produced documents related to her job at Anaplan on June 7, 2023, but only after receiving Lockheed Martin's Motion in Limine to Preclude Certain Damages Evidence, ECF No. 205, when she was facing the possibility of being unable to present certain economic damages evidence at trial. *See* Ex. J. But even then, Plaintiff continued her deceptive tactics. On June 5, 2023, per the Court's order, Plaintiff provided an exhibit list containing 49 proposed exhibits. Ex. K, Pl.'s June 5, 2023 Exhibit List. However, when Plaintiff sent her exhibits for inspection on June 7, 2023, she mysteriously added a 50th exhibit. Ex. L, Pl.'s June 7 Exhibit List. The proposed Exhibit 50 contained the 2022 W-2 and compensation information from her employment at Anaplan. Ex. J.[6] This document was obviously in Plaintiff's possession well before June 7, 2023, and all the underlying compensation information was well known to her throughout 2022. Even today, Plaintiff still has produced no documents related to her securing of the job with Anaplan and her current (i.e., 2023) salary, benefits, and incentive compensation at Anaplan. Jacobs Decl. ¶ 23.

And just yesterday, on the evening of June 11, 2023, Plaintiff's counsel served yet another version of her so called "initial disclosures" with a new damages calculation, revising the version sent just three weeks earlier on May 25, 2023. Ex. N. Plaintiff claims that she is correcting an "error" in the prior version. Ex. O. In reality, Plaintiff only served this new version of the document after it learned that Lockheed Martin intended to file this

---

[6] In other words, Plaintiff also violated the Court's Pretrial Order by not listing all proposed exhibits by June 5, 2023, ECF No. 181, and later attempted to sneak in an additional exhibit.

Motion for Sanctions. Once again, the damages calculation is still inaccurate as it lists total income for 2021 that is far lower than was reported on her 2021 tax return, which was also not produced until June 7, 2023. Ex. J. In fact, Plaintiff's 2021 tax returns list her taxable gross income as $342,839 instead of the $200,054 listed in her disclosure document. *Id.* In addition, her new disclosure refers to additional information that has never been produced (e.g., earning from RSUs allegedly related to the acquisition of her new employer about which Lockheed Martin has never received any information).  Finally, Plaintiff also served a self-described "mitigation summary," which has never previously been produced. Ex. N. This document is a spreadsheet, and contrary to Plaintiff's misleading representation, this document includes present value calculations and damages projections, and appears clearly to have been created by a damages expert. However, neither party has any experts and Plaintiff's latest submission is just another example of her misleading conduct and her failure to comply with her discovery obligations and this Court's orders relating to discovery.

## ARGUMENT

"When a litigant's conduct abuses the judicial process, dismissal of a lawsuit is a remedy within the inherent power of the court." *Martin*, 251 F.3d at 694; *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999) (same).[7] The sanction is appropriate if this

---

[7] This Court could alternatively (or additionally) issue a sanction of dismissal under Federal Rule of Civil Procedure 37, 41(b), or both. *Chrysler Corp.*, 186 F.3d at 1019  (sanction of dismissal was appropriate under court's inherent authority ***and*** Rule 37); *Pope v. Fed. Exp. Corp.*, 138 F.R.D. 675, 682 (W.D. Mo. 1990), *aff'd in part, vacated in part on other*

Court finds "(1) clear and convincing evidence that the misconduct occurred and (2) that a lesser sanction would not sufficiently punish and deter the abusive conduct while allowing a full and fair trial on the merits." *Martin*, 251 F.3d at 694-95; *Knapp v. Convergys Corp*., 209 F.R.D. 439, 442 (E.D. Mo. 2002).

First, the above evidence is clear and convincing: Plaintiff committed perjury at her deposition; withheld responsive documents that she had in her possession (while well aware of her ability to supplement, as she continued to supplement her production with documents she deemed helpful); committed perjury by omission by failing to supplement her verified interrogatory responses to disclose the Anaplan job; made false statements on her May 25, 2023, "updated" damages calculation; and tried to sneak in an exhibit (after this Court's deadline to do so) that contained her most recent compensation information. [8]

Second, the law in this Circuit and elsewhere is clear that dismissal is the appropriate sanction when ***any*** litigant—let alone a ***lawyer***—engages in this type of misconduct. In *Knapp*, the court faced a strikingly similar set of facts (though with a much less sophisticated plaintiff). 209 F.R.D. at 442. There, the plaintiff in an employment lawsuit

---

*ground*, 974 F.2d 982 (8th Cir. 1992) ("Dishonest conduct by a party has been recognized as grounds for dismissal with prejudice under Rule 41(b)").

[8] The Court may (but need not) hold an evidentiary hearing before concluding that there is "clear and convincing evidence that the misconduct occurred." *Chrysler Corp.*, 186 F.3d at 1022 ("[T]here is no requirement for an evidentiary hearing prior to the imposition of sanctions . . ."). Lockheed Martin submits that no hearing is necessary, but has no objection to (and indeed would welcome) a hearing to further demonstrate the extent of Plaintiff's misconduct.

gave "gave perjurious answers in her interrogatories and during her deposition" about her employment after she stopped working for the defendant—namely, she testified that she had not found new employment when, in fact, she had. *Id.* After discovery closed, the defendant learned about the plaintiff's new job and moved for a sanction of dismissal. Even after the plaintiff apologized to the court and explained that she lied because she was embarrassed about the new job (exotic dancing), the court granted the sanctions motion and offered analysis that applies with equal or more force here—that the misconduct was serious, that it would be prejudicial to Defendant to re-open discovery now, and that any sanction less than dismissal would not remedy Plaintiff's "direct affront to the court":

> Having found that Plaintiff lied both during her deposition and in her answers to interrogatories, the Court now considers Convergys's argument that Plaintiff's actions require that she receive the ultimate sanction—striking of her pleadings and dismissal of her case with prejudice. . . .

> As detailed above, the Court has found by clear and convincing evidence that Plaintiff gave perjurious answers in her interrogatories and during her deposition. The Court further finds that to strike Plaintiff's pleadings and dismiss her case is the appropriate sanction for her deliberate and continued abuse of the discovery process. [citing *Martin*]. The Eighth Circuit has applied this severe sanction in similar cases of serious discovery abuse. [citing *Martin* an*d Chrysler Corp.*]

> Furthermore, the Court believes that dismissal is the ***only*** sanction that will effectively punish [Plaintiff], lessen the prejudice to [Convergys], and protect the integrity of this proceeding. . . .

> Plaintiff attempts to minimize the seriousness of her conduct, by asserting that Convergys was not prejudiced by the omission. Specifically, Plaintiff maintains the information is not relevant to any issue in this case, and further that any evidence Convergys might discover in this regard would be inadmissible at trial. The Court disagrees, however, as evidence that Plaintiff found employment as an exotic dancer almost immediately upon terminating her employment with Convergys is crucial to Convergys' defense against her claims of emotional distress damages. . . .

> Convergys has been irreparably prejudiced by Plaintiff's discovery violations: the discovery deadline has passed, Convergys has presented and received ruling on a motion for summary judgment, and the Court has no inclination to re-open discovery in order to allow Convergys to delve into areas about which it should have been informed months ago. Any lesser sanction, such as monetary sanctions or a re-opening of discovery, would neither repair the harm done to Convergys, nor remedy the "direct affront to the court" occasioned by Plaintiff's willful perjury.

Knapp, 209 F.R.D. at 442-43 (certain citations and quotations omitted). The plaintiff in *Knapp* was a relatively low-wage worker who owned her mistake, apologized to the court, and gave a reason (her embarrassment) for the perjury, yet the court ***still*** issued the sanction.

Here, Plaintiff is a seasoned employment lawyer (more than 25 years) who fully appreciates the importance of mitigation information as it relates to purported damages, and who just casually submitted trial exhibits, which had never been produced, on the last possible day that revealed that she had been lying about her earnings for more than 19 months. Significantly, as detailed above, Plaintiff submitted compensation information about her job at Anaplan and her Anaplan 2022 W-2 earnings form only ***after*** Lockheed Martin had filed its Motion in Limine on damages, ECF Nos. 205-206, seeking to limit her claim for economic damages after August 2021 based on her failure to supplement her discovery responses and timely serve a damages calculation in her initial disclosures. And her last act of deception was that Plaintiff did not even list her Anaplan compensation documents and W-2 as an exhibit when the Exhibit List was due on June 5, 2023. Instead, she added an extra exhibit when she sent the actual documents to Lockheed Martin on June

7, 2023, without even mentioning the new mystery documents.[9] Plaintiff did not voluntarily fix her failures or deceit during discovery. Rather, she engaged in a lengthy pattern of deception to avoid having to disclose that she, in fact, had secured a lucrative new job and to prejudice Lockheed Martin during discovery, in settlement discussions, and at trial.

Lockheed Martin anticipates that Plaintiff will respond by passing responsibility onto her former counsel, Clayton Halunen, but any such effort would be of no consequence. First, although Mr. Halunen is no longer on Plaintiff's legal team, his withdrawal has not impacted the continuity of Plaintiff's representation because Bill Eagan and Heidi Fessler have represented Plaintiff throughout this litigation (handling all document discovery), and they continue to do so today. In fact, Mr. Eagan served the supplemental documents productions and interrogatory responses that included no information about Plaintiff's employment at Anaplan or the lucrative salary she had been receiving. Moreover, Plaintiff cannot evade her responsibility as an experienced employment litigator and officer of the Court by ignoring her obligations under the rules to ensure that the information she provided during discovery was updated, complete and accurate. Plaintiff also cannot blame her former lawyer for her dishonesty in her deposition about her job efforts. That Plaintiff

_____

[9] Plaintiff's production with respect to her Anaplan compensation is still incomplete. Plaintiff has yet to produce any information about her current salary, any promotions she may have received as of today, and the full complement of documents that would be expected with regard to benefits, merit raises, and/or additional stock awards. And Plaintiff has never produced any of the correspondence and/or documents that must exist between her and Anaplan prior to her executing her offer of employment in October 2021. How could Lockheed Martin trust that it has received complete information in light of what it has discovered about Deering's conduct during discovery and beyond?

is an experienced litigator with over two decades of experience only serves to emphasize the importance of holding her accountable in this matter.

The Eighth Circuit and federal courts around the country have dismissed claims in similar circumstances. In *Martin*, the plaintiff in an employment discrimination suit lied in her deposition and interrogatory responses about whether she had been involved in other lawsuits and the identity of certain medical providers. 251 F.3d at 693-95. The Eighth Circuit affirmed the district court's conclusion that "dismissal was the only sanction that would effectively punish [plaintiff, lessen the prejudice to [defendant], and protect the integrity of the proceeding." *Id.* at 695. In *Chrysler Corp.*, , the Eighth Circuit affirmed the district court's sanction of judgment against defendants—lawyers—who *"repeatedly lied [under oath] during the discovery process, denying the existence of conversations and documents which had in fact occurred and did exist."* 186 F.3d at 1021. And other cases abound. *Negrete*, 547 F.3d at 724 (affirming sanction of dismissal with prejudice where the plaintiff in personal injury case perjured himself about "how badly he was injured and whether he was able to work" and rejecting the argument that the plaintiff should be excused because he was "uneducated" since "it does not take a graduate degree to understand that it is unacceptable to hide evidence and lie in a deposition"); *Huntley v. City of Carlin*, No. 3:12-00664, 2014 WL 4064027, at *6 (D. Nev. Aug. 15, 2014) (imposing dismissal sanction where the plaintiff in personal injury case perjured himself about the extent of injuries and "thwarted" defendant's attempts to get discovery on that topic, and holding that sanction was appropriate even though court never "warned him" that

misconduct could result in dismissal).[10] A court in the Eastern District of California may

have summed it up best:

> Litigation is not a game in which perjury warrants a five yard penalty for a
> minor untruth, fifteen yards if the perjury was really serious. Rather, perjury
> on any material act strikes at the core of the judicial function and warrants a
> dismissal of one's right to participate at all in the truth seeking process. *If*
> *one can be punished for perjury with up to five years imprisonment, 18*
> *U.S.C. § 1621, it should not seem out of place that a civil action might be*
> *dismissed for the same conduct*.

*Arnold v. Cnty. of El Dorado*, No. 2:10-3119, 2012 WL 3276979, at *4 (E.D. Cal. Aug. 9,

2012), *report and recommendation adopted*, 2:10-3119, 2012 WL 13046344 (E.D. Cal.

Sept. 27, 2012) (emphasis added).

   If there were ever a case in which dishonest conduct during discovery warranted

dismissal with prejudice, it is this one. There is simply no reason to allow an officer of this

Court to avail herself of the Court's privileges while, at the same time, committing fraud

on it.

---

[10] Plaintiff may argue that dismissal is too harsh a sanction because the Court did not first
issue a "warning." That argument would be off base from any litigant but would be
particularly wrong from a seasoned lawyer. *Chavez v. City of Albuquerque*, 402 F.3d 1039,
1045 (10th Cir. 2005) (rejecting argument that the court must issue a "warning" before
imposing dismissal sanction for perjury and noting that "the perjurious testimony was given
under oath, [so] an additional warning would have been superfluous at best"); *see also Hunt
v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) ("Although we have encouraged
district courts to warn litigants when they are 'skating on the thin ice of dismissal,' such
admonitions are not necessary to sustain a Rule 41(b) dismissal.") A warning might be
appropriate for a non-lawyer litigant who is being dilatory in discovery; not for a seasoned
lawyer who intentionally lied under oath and withheld clearly relevant information that she
was obligated to produce.

## CONCLUSION

Plaintiff's perjury and dishonesty throughout discovery "strike[] at the core of the judicial function and warrants a dismissal of one's right to participate at all in the truth-seeking process." That she is a seasoned lawyer makes her conduct even worse. The Court should issue a sanction commensurate with her bad acts: dismissal with prejudice.

Dated: June 12, 2023

/s/ Joseph G. Schmitt
Joseph G. Schmitt, Reg. No. 231447
NILAN JOHNSON LEWIS PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Tel:  (612) 305-7500
Email: jschmitt@nilanjohnson.com


/s/ Michael S. Burkhardt
Michael S. Burkhardt (admitted pro hac vice)
Benjamin K. Jacobs (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel:  (215) 963-5000
Email: michael.burkhardt@morganlewis.com
          benjamin.jacobs@morganlewis.com

Attorneys for Defendant Lockheed Martin Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2023, I caused a copy of the foregoing document to be served upon all counsel of record.

*/s/ Benjamin K. Jacobs*