UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| DANIEL'LA DEERING,<br><br>      Plaintiff,<br>v.<br><br>LOCKHEED MARTIN<br>CORPORATION, et al.,<br><br>      Defendants. | Case No.:  0:20-cv-01534-DSD-ECW<br><br>**DECLARATION OF**<br>**WILLIAM J. EGAN** |

  William J Egan, Esq., pursuant to 28 U.S.C. §1746, submits this declaration in opposition to Defendant's June 12, 2023, Motion to Dismiss [Doc. 221] in the above-entitled matter, and hereby declares under the penalty of perjury as follows:

  1. I am one of the attorneys representing Plaintiff Daniel'la Deering in the above-entitled matter.

  2. I was Ms. Deering's sole attorney in this matter before January 7, 2021. Heidi Fessler then made an appearance to assist me with electronic discovery in the case. In my role as lead counsel, I was ultimately responsible for discovery responses until November 2021.

  3. On December 23, 2020, I served on defense counsel Plaintiff's Answers to Defendant's Interrogatories. Interrogatory No. 14 requested information regarding Plaintiff's employment history since her termination from

Defendant's employ. (See Exhibit A – Chronology of Plaintiff's Discovery Responses)

4. On March 31, 2021, I served on defense counsel Plaintiff's Supplemental Answers to Defendant's Interrogatories (Set I). (Id.)

5. In August 2021, Ms. Deering retained Clayton Halunen of Halunen Law to serve as lead counsel. I remained on the case in a supporting role, primarily to assist in motion practice.

6. On August 30, 2021, Defense counsel notified all Plaintiff's counsel that it had obtained Plaintiff's employment records from nVent consisting of 58 pages, Bates stamped them, and forwarded them to us.

7. On September 16, 2021, we requested that Casepoint, our ESI discovery vendor, provide access to the Deering Discovery database to Mr. Halunen's firm.

8. On September 21, 2021, at Clayton Halunen's request, I sent his firm an electronic copy of my pleadings file. Contained in that file was a draft of a second Supplemental Answers to Defendant's Interrogatories dated September 13, 2021, a draft which, among other things, would have formally updated Plaintiff's response to Interrogatory No. 14 regarding Plaintiff's employment history since her termination from Defendant's employ.

9. This second supplemental response, however, had not been finalized and therefore had not been served on Defendant. I emailed the final draft to Mr. Halunen on October 28, 2021, and requested that he obtain Ms. Deering's

signature. I assumed, without confirming, that the formal disclosure supplementation had been completed.

10. Following Plaintiff's November 1, 2021, deposition the deposition, I learned that inquiry was made of the two additional jobs referenced in the draft supplemental response and that those positions had been addressed in her deposition.

11. I was not aware that Ms. Deering was in discussions with Anaplan regarding potential employment at this time.

12. Thereafter, my personal involvement in the ongoing litigation was dramatically reduced. It was my understanding that by the end of November, Mr. Halunen's office would be taking the lead on discovery. I did not attend or assist in preparation for any depositions.

13. Other activities in which I was personally involved included responding to a January 2022 inquiry from Mr. Halunen's office, in preparation of a confidential settlement letter to the magistrate judge, for a factual narrative from an earlier motion to compel discovery, as well as Plaintiff's initial severance proposal that I provided to defense counsel in September 2018, prior to her filing of the EEOC charge.

14. In February and March 2022, I was involved in the preparation for Plaintiff's Motion for Partial Summary Judgment, and Plaintiff's opposition to Defendant's Motion for Summary Judgment. I was in attendance at the oral argument on the cross-motions for summary judgment.

15. I was aware that Mr. Halunen's office handled a document production to defense counsel on March 4, 2022, but other than responding to a question regarding the manner in which prior document productions had been conducted, was not otherwise involved in the decision of any additional document productions. (Ex. A)

16. On October 12, 2022, I learned that a Petition for Disciplinary Action had been filed against Mr. Halunen.

17. Mr. Halunen remained supportive and said that his office could continue on the case and that if Ms. Deering decided to change law firms, he would facilitate the file transfer.

18. On October 13, 2022, I was copied on an email from Mr. Halunen's office to Ms. Deering requesting information regarding Ms. Deering's compensation since Lockheed Martin. The email required no action on my part and it appeared to me that Mr. Halunen's office was updating information in preparation for a then-scheduled November 8, 2022, settlement conference with Magistrate Judge Thorsen.

19. On October 26, 2022, Kaarin Nelson Schaffer of the law offices of Conard Nelson was retained as lead trial counsel. On October 27, Mr. Halunen acknowledged that he would transfer his file to Ms. Nelson Schaffer. The following day, he filed a Notice of Withdrawal as Attorney for Plaintiff.

20. Because of the change in counsel, the settlement conference with Magistrate Judge Thorsen was postponed. Per the court's order, the deadline for

submission of the confidential settlement letter was extended to November 3, 2022.

21.  On October 31, 2022, Ms. Nelson Schaffer requested that I prepare that portion of the confidential settlement letter that addressed damages. I understood that because she had just come onto the case, she was relying on me to provide the damages information, including economic loss damages and mitigation information.

22.  Thereafter, I obtained a copy of a spreadsheet used by Mr. Halunen's office to calculate Ms. Deering's mitigation efforts to date, as well as Ms. Deering's response to the October 13, 2022, inquiry from Mr. Halunen's office regarding Anaplan compensation.

23.  The information I received showed an annualized salary from Anaplan of $260,000. I had also been informed that Ms. Deering's bonus was paid twice annually, that she had recently received one half of her annual performance bonus in the amount of $28,968, and that she would not receive another bonus payment in 2022. Using that information, I projected her 2022 income as $289,000.

24.  I did not, however, include in my calculation a valuation of the Anaplan restricted stock plan or an early change in control payout of $147,198 that she had received in July 2022. I had no reason or intention to exclude this item from our mitigation calculation, and in retrospect, I can only attribute the error to oversight, an oversight which I by no means seek to minimize here.

25. For projected losses of income from Defendant, I used Lockheed Martin's own estimate of Ms. Deering's 2017 income of $525,000 and used an annual multiplier of 5% to get projections for subsequent years. I used the same projection for Ms. Deering's mitigation number for years 2023-26.

26. Upon review, I see that this omission understated Ms. Deering's 2022 income and also affected her future wage loss projections. This was unintentional.

27. On November 14, 2022, I learned from Ms. Fessler that she was concerned that information regarding Ms. Deering's employment at Anaplan, and other information may not have been produced. She notified Ms. Nelson Schaffer's office of this concern, and we uploaded the Anaplan offer letter and Anaplan pay information for production.

28. Ms. Nelson Schaffer delegated the responsibility for producing this information to Ms. Fessler and me. Before December 2021, when Mr. Halunen's office began handling document productions, it had been my responsibility to identify the documents to be produced and to have those documents uploaded to the Casepoint system. Ms. Fessler would then ensure the documents were redacted as necessary, and folder the documents for production. I would then request that Casepoint prepare the production. It was then my responsibility to communicate the production to defense counsel. After November 2021, Mr. Halunen's office had that responsibility. I believed that Ms. Fessler and Ms. Nelson Schaffer's office was handling this production, but given past practice and Ms. Nelson

6

Schaffer's stated expectations, it clearly was my responsibility to ensure that it happened.

29. On December 1, 2022, I was copied on an email from CasePoint stating that the production was completed and had been uploaded to the "CasePoint FTP Share" for access. I assumed that those production details were being communicated to defense counsel. I learned on June 9, 2023, that these documents were not transmitted to defense counsel.

30. In April 2023, at Ms. Nelson Schaffer's request to me and Ms. Fessler for an updated damages calculation, I forwarded to Ms. Fessler for review the damages analysis I had done in November in preparation for the settlement conference. I indicated that the 2022 number needed to be verified. Ms. Fessler forwarded that to Ms. Nelson Schaffer.

31. I did not take notice prior to the final draft being served on defendant that the statement did not account for the Anaplan equity payment.

32. Although relevant documents supporting Ms. Deering's damages claims and the mitigation of those damages were in our possession, we did not timely disclose those documents to Defendant. This is not the fault of Ms. Deering. She produced the information when it was requested, or as it became available.

33. In May 2023, William Gilbert of Gilbert Law Firm, P.S. was retained by Ms. Deering. I am aware that Mr. Gilbert reviewed the damages

disclosures with Ms. Nelson Schaffer and additional supplementation was directed to make sure that all disclosures regarding damages were current.

34. I am also aware that to ensure that damages calculations were accurate, Mr. Gilbert retained a forensic accountant (consulting) to conduct a damages assessment. My understanding is this assessment summary clarifies Ms. Deering's actual past and future damages and mitigation of those damages. Those figures have been produced. The figures are different than my previously disclosed figures – to the benefit of Lockheed Martin.

35. I recognize that it was not Ms. Deering's responsibility to assure that the supporting documents and data she had provided to her attorneys (and relied upon by the forensic economist) had been disclosed to the defense – that was 100% the responsibility of her lawyers.

36. Attached as Exhibit C is an excerpt of the deposition of Michelle Hill.

37. Attached as Exhibit D is an excerpt of the deposition of Sumari Stamps-Henderson.

38. Attached as Exhibit E is an excerpt of the deposition of Billie Jo Schuermann.

39. Attached as Exhibit F is Exhibit 13 from Plaintiff's November 1, 2021, deposition. This was a list of jobs that Plaintiff had applied for and was provided to Defendant on December 23, 2020, as her appendix to her Answers to Interrogatories. On July 27, 2021, I produced to Defendant documents relating to

job applications made by Plaintiff, some of which were submitted to potential employers after that list was created.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on June 21, 2023.

                                                    */s/ William L. Egan*
                                                    William J. Egan