# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DANIEL'LA DEERING,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>LOCKHEED MARTIN CORPORATION, et al.,<br><br>　　　　　　　Defendants. | Case No.: 0:20-cv-01534-DSD-ECW<br><br>**DECLARATION OF<br>KAARIN NELSON SHAFFER** |

　　　　Kaarin Nelson Schaffer, Esq., pursuant to 28 U.S.C. §1746, submits this declaration in support of Plaintiff's Response to Defendant's Emergency Motion for the Sanction of Dismissal with Prejudice in the above-entitled matter, and hereby declares under the penalty of perjury as follows:

1. I am one of the attorneys representing Plaintiff Daniel'la Deering in the above-entitled matter.

2. On October 27, 2022, I was retained by the Plaintiff due to her prior lead attorney of record, Clayton Halunen, being recently suspended from the practice of law. My office, Conard Nelson Schaffer PLLC, contacted Halunen Law that same day to obtain the Deering file.

3. On October 31, 2022, Kristina M. Schultz sent a OneDrive link to my paralegal and I with what we were told was Mr. Halunen's complete file for Ms. Deering. Ms. Schultz stated that she was working with Ms. Fessler on transferring

ownership of the CasePoint account. I understood the entire Halunen file was being transferred to CasePoint.

4. I have not used CasePoint. To the extent discovery needed to be updated, Attorney Fessler worked with my paralegal to update discovery. It was my understanding that any outstanding discovery in the possession of Plaintiff or her lawyers was then produced in December 2022.

5. I sent an updated damages calculation to Lockheed Martin on May 25, 2023 based on what I now know were inaccurate numbers calculated by other counsel and myself. The communications showing the creation of this document are work product and/or privileged. If the Court wants to review the communications *in camera* we will make them available.

6. Attached hereto as **Exhibit A** is a true and correct copy of the letter I sent to Lockheed Martin on May 25, 2023.

7. On June 9, 2023, I received a call from Joseph Schmitt, counsel for Lockheed Martin. Mr. Schmitt told me that Lockheed Martin just learned – "for the first time" – that Ms. Deering was working for Anaplan. He also told me the damages calculation I provided in May appeared to be inaccurate and based on Ms. Deering's employment with nVent, or something to that effect. Prior to this call, I believed Lockheed Martin had known since before I was an attorney on the case that Ms. Deering worked for Anaplan.

8. After the call with Mr. Schmitt, I tried to figure out what happened, and why Lockheed Martin did not know about Ms. Deering's current employment. I

learned that prior to me being engaged in the case Ms. Deering's Anaplan offer of employment had not been produced. I also learned that the December document production had not actually been provided to Lockheed Martin attorneys as a result of a mistake made by a paralegal who was also unfamiliar with CasePoint. The Anaplan offer letter was included in this disclosure supplement. I next went back and reviewed the May 25, 2023 document I sent to Lockheed Martin to figure out why the numbers were wrong. I also consulted with counsel who initially drafted those numbers to figure out why they were wrong.

9. I emailed Mr. Schmitt on June 9, 2023 and said we would agree to a continuance and/or that we could approach the Court about re-opening discovery to hire damages experts.

10. Attached hereto as **Exhibit B** is a true and correct copy of the email I sent to Mr. Schmitt on June 9, 2023.

11. After realizing the Anaplan offer letter had not been produced and the parties were not in agreement on damages, we retained a consulting forensic economist to accurately put together documentation regarding Plaintiff's past and future wage loss.

12. On Sunday, June 11, 2023, after consulting with the consulting forensic economist, I provided Lockheed Martin with an updated damages calculation. I suggested a continuance may be appropriate, and I suggested that both parties agree to hire damage experts to address economic loss and mitigation to ensure an accurate damages assessment.

13. Attached hereto as **Exhibit C** is a true and correct copy of the email with two attachments I sent to Lockheed Martin on June 11, 2023.

14. On June 12, 2023, Bill Gilbert and I met and conferred with Michael Burkhardt and Benjamin Jacobs to discuss their intent to file this motion to dismiss. In that meet and confer we explained what had occurred in respect to the disclosure problems and why the disclosures were late as well as our position regarding their allegation of perjury. We told Mr. Burkhardt and Mr. Jacobs that Halunen's suspension impacted the discovery process because Fessler and Egan believed Halunen was in charge of discovery and that he had disclosed the documents at issue; which turned out to be incorrect. We told them that we thought we produced the Anaplan documents again in December 2022, but the disclosure had not been completed due to operator error in the CasePoint software – and that this was no fault of Ms. Deering's. We told them that Attorneys Egan and Schaffer miscalculated the damages that were disclosed to them on May 25, 2023. We again offered to stipulate to a continuance to cure any discovery delays. In respect to the allegation of perjury we told them that we disagreed with their view of the facts, and that this issue in context was an impeachment issue that should be preserved for trial – not grounds for a motion to dismiss. They disagreed and told us they were intent on filing the motion – which they did.  These facts are set forth succinctly in our response to the motion.

5

I declare under penalty of perjury that everything that I have stated in this document is true and correct.

Dated:  June 21, 2023               *Kaarin Nelson Shaffer*

                                                              Kaarin Nelson Shaffer