UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-1534(DSD/ECW)

Daniel'la Deering,

      Plaintiff,

v.                                    **ORDER**

Lockheed Martin Corporation,

      Defendant.

This matter is before the court upon the emergency motion for the sanction of dismissal with prejudice. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

This case has been contentiously litigated from the outset. For the sake of brevity and given the limited factual basis on which this motion is premised, the court will only repeat the facts necessary to decide the motion. A fuller recitation of the facts relating to the case as a whole can be found in the court's summary judgment order. See ECF No. 164.

Plaintiff Daniel'la Deering is an attorney who has worked for many years as in-house counsel for various companies. This lawsuit stems from her employment and eventual termination from defendant Lockheed Martin Corporation. In July 2020, Deering filed this

action against Lockheed Martin and two of her supervisors alleging employment discrimination on the basis of race in violation of federal and Minnesota law, retaliation in violation of federal and Minnesota law, violation of the Equal Pay Act, aiding and abetting discrimination, defamation, and intentional infliction of emotional distress. ECF No. 1. On defendants' motion, the court dismissed the Equal Pay Act, aiding and abetting, defamation, and intentional infliction of emotional dismiss claims under Federal Rule of Civil Procedure 12(b)(6). ECF No. 46. The parties thereafter engaged in a settlement conference with the magistrate judge, to no avail.

After much discovery-related motion practice, the parties moved for summary judgment. The court denied Deering's motion and granted Lockheed Martin's motion in part, leaving the only the retaliation claims for determination by a jury. ECF No. 164. Two months later, on October 28, 2022, Deering's lead counsel withdrew from the case. ECF No. 174. Deering's other counsel, William Egan, who also represented her in this matter pre-suit, remained on the case, as did another lawyer, Heidi Fessler.[1] Deering's new lead counsel, Kaarin Schaffer, filed a notice of appearance on November 1, 2022. ECF No. 176. Soon thereafter, the magistrate

---

[1] A fourth lawyer from Spokane, Washington also represented Deering in some unknown capacity, but he has now withdrawn from the case. See ECF No. 243.

judge held another settlement conference, during which the parties again failed to reach agreement. The court set the matter for a jury trial to begin on June 26, 2023.

Even as the case neared trial, the parties continued to engage in motion practice regarding the scope of trial and additional discovery, among other issues. The case was nevertheless on track to be tried beginning on June 26, 2023. On June 12, 2023, however, Lockheed Martin filed the instant emergency motion seeking dismissal as a sanction for Deering's alleged perjury under oath. The court continued the trial in light of the motion and set the matter for full briefing and a hearing, which the court held on June 28, 2023.[2]

The facts relevant to the motion are as follows. In November 2020, Lockheed Martin served discovery requests on Deering asking her to identify and provide any documents relating to her post-Lockheed Martin employment, including any positions she applied for without receiving an offer. Jacobs Decl., ECF No. 222, Exs. A-B. As is typical, the instructions to the requests state that the requests are "continuing" such that Deering was required to update her responses and document production if new and relevant facts occurred during the case. See id. Ex. A, at 4.

---

[2] Deering's counsel filed a motion for continuance of the hearing to allow her to file a sur-reply and to replace existing counsel. ECF No. 238. The court denied the motion at the hearing.

Deering timely responded to the initial discovery requests in December 2020. See id. Exs. C-D. She disclosed information about her then-current employment as a contract attorney for The Forum Group and provided information about her search for employment. See id. Deering supplemented her discovery responses on August 20, 2021, and disclosed that she had taken a position as in-house counsel with nVent, earning over $200,000 per year.[3] Jacobs Decl. ¶ 17. On October 29, 2021, Deering again supplemented her discovery responses, but did not include updated employment information. Id.

Counsel for Lockheed Martin took Deering's deposition on November 1, 2021, just three days after her last supplement. Deering testified that she was currently employed by nVent and that she had not looked for alternative employment since she started at nVent in February 2021:

> Q. Are there any efforts beyond December of 2020 that you've made to secure other employment that are not in this document?
>
> A. Not that I'm aware of. It's exhausting and disheartening to keep applying for jobs and not getting anything.
>
> Q. Right. Is that the reason why you haven't applied for any positions after December 2020?
>
> A. I don't know if I - I'll need to update that if I have. I'll have to check. I may have submitted a

---

[3] Lockheed Martin independently learned of Deering's employment with nVent via social media in April 2021. 2d Jacobs Decl., ECF No. 237, ¶ 10.

    couple applications, but not many. I didn't start my job with nVent until February 2021, so we'll need to update that.

    Q. Have you applied - have you looked for any alternative employment while you've been working for nVent?

    A. No.

    Q. So you may have applied to a few jobs between the end of December and February of 2021, but you haven't done any since. Is that correct?

    A. That's correct.

Deering Dep. at 161:23-62:18.[4] Deering continued to supplement her discovery responses after her deposition, but did not update her employment status. Jacobs Decl. ¶¶ 18-19.

Deering's deposition testimony on this point was false. In fact, Deering had accepted an offer from Anaplan, Inc. on October 12, 2021 – three weeks before her deposition. Id. Ex. G. Her employment with Anaplan commenced on November 8, 2021, just one week after her deposition. Id. It is undisputed that Deering's position at Anaplan earned her notably more in salary and benefits than her position with nVent.

---

[4] Deering suggests that she was being "grilled" by defense counsel during her deposition, which may have caused her to unknowingly make misstatements. The court has viewed relevant portions of the videotaped deposition and disagrees that counsel's questions were in any way inappropriate or harsh or that Deering seemed confused or out of sorts. She answered questions calmly and without any apparent confusion or undue stress. At no time did she attempt to correct her testimony, including in the errata sheet.

5

It is also now known that Deering was not still employed with nVent at the time of her deposition. Her last day of employment with nVent was, in fact, October 22, 2021 – ten days before her deposition. 2d Jacobs Decl. Ex. A. Despite this uncontested fact, Deering testified falsely in her deposition as follows:

    Q.    Where are you currently employed?

    A.    nVent.

Deering Dep. at 9:13-14.[5] She explained her duties and responsibilities at nVent as if it were her current and ongoing role. See id. at 9:20-11:10.

Deering signed an errata sheet after the deposition, but failed to correct the record in any respect, let alone the false testimony about her employment. 2d Jacobs Decl. Ex. F.

On May 25, 2023, Deering updated her Rule 26 disclosures regarding her alleged economic damages. Id. Ex. H. In the update, she disclosed that her income in 2021 was $196,281. Id. at 2. In fact, that year Deering earned $342,839 due to her new - and still undisclosed - employment at Anaplan. See id. Ex. I. Her claimed damages with respect to 2022 were similarly inaccurate. In her updated Rule 26 disclosures, Deering stated that her income in

---

[5] At the hearing, counsel for Deering explained that Deering thought she was technically on paid vacation from nVent at the time of her deposition, which led her to testify as she did. Not only is that explanation belied by the record, 2d Jacobs Decl. Ex. A, it is devoid of credibility given the broader context.

6

2022 was $260,866, id. Ex. H, when it was in fact $452,214.40, id. Ex. J.

As trial rapidly approached, Lockheed Martin was still unaware of Deering's employment with Anaplan and her increased income. The truth came to light during trial preparation. Consistent with the court's pre-trial order, the parties exchanged exhibit lists on June 5, 2023. Deering's list included forty-nine documents. Id. Ex. K. Two days later, however, Deering sent her exhibits to Lockheed Martin for inspection and included a fiftieth exhibit. Id. Ex. L. That exhibit included Deering's 2022 W-2 form from Anaplan. Id. Ex. J. So, although Deering had worked for Anaplan since November 2021, she did not disclose that fact to Lockheed Martin or the court until the eve of trial – nineteen months later. Likely anticipating this motion, Deering provided new damages calculations and a mitigation summary to Lockheed Martin, explaining that she had erred in previous calculations. Id. Exs. N, O. It is questionable whether the new calculations are accurate given the information we all now know. In any event, these facts led Lockheed Martin to file the instant motion.

Not only did Deering make false statements under oath in discovery, she also did so directly to the court. In March 2022, Deering provided her resume as part of her declaration in opposition to Lockheed Martin's motion for summary judgment. See ECF No. 153. Despite having worked at Anaplan for approximately

7

five months, her resume makes no mention of Anaplan and instead states that she presently works at nVent. Id. at 10.

Additionally, neither of her two confidential settlement letters to the magistrate judge, which the court has reviewed in camera, mention her employment with Anaplan. The first letter was submitted by Deering's first lead counsel on January 13, 2022, two months after she began working for Anaplan. The second letter, dated November 3, 2022, was submitted by Ms. Schaffer – and drafted in part by Mr. Egan - almost one year after Deering began working for Anaplan. The second letter specifically references nVent as Deering's current employer and uses her salary and benefits at nVent as a basis for her damages calculation. Again, there is no dispute that Anaplan paid Deering more in salary and benefits than nVent, which, if disclosed, would reduce her damages if she were to prevail at trial.

### DISCUSSION

**I. Dismissal**

Rule 37 of the Federal Rules of Civil Procedure specifically provides for the sanction of dismissal in the case of discovery abuses, such as those here. Fed. R. Civ. P. 37(c)(1)(C), 37(b)(2)(A)(v). Moreover, "[t]he court has 'inherent authority to dismiss a lawsuit as a sanction for significant abuse of the judicial process.'" Thoms v. McDonald's Corp., No. 03-cv-2465,

2003 WL 22901686, at *1 (D. Minn. Nov. 26, 2003) (citing Martin v. DaimlerChrysler Corp., 251 F.3d 691, 694 (8th Cir. 2001) (holding that "[w]hen a litigant's conduct abuses the judicial process, dismissal of a lawsuit is a remedy within the inherent power of the court"); Knapp v. Convergys Corp., 209 F.R.D. 439, 442 (E.D. Mo. 2002) (noting that "the court's authority to sanction [parties] for ... discovery abuse flows from its inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases, including fashioning an appropriate sanction for conduct which abuses the judicial process")); see also Pope v. Fed. Express Corp., 974 F.2d 982, 984 (8th Cir. 1992) ("When a litigant's conduct abuses the judicial process, ... dismissal of a lawsuit [is] a remedy within the inherent power of the court.").

"A court should not use dismissal as a sanction unless the court is able to find, by clear and convincing evidence, both (1) that the misconduct occurred, and (2) that a lesser sanction would not sufficiently punish and deter the abusive conduct." Thoms, 2003 WL 22901686, at *1.

There is no doubt that Deering engaged in misconduct. As set forth in detail above, she – directly and indirectly through her counsel – lied to Lockheed Martin and the court about her employment and thus her damages. She did so for nineteen months. And she did so under oath, making the lies "a direct affront to the court." Chrysler Corp. v. Carey, 186 F.3d 1016, 1021 (8th

1999). Nothing she or her counsel have said in response to this motion have persuaded the court to reach a different conclusion. She was asked clear questions about her employment orally and in writing and she repeatedly lied in response while under oath. She presented false information to the court in settlement conferences and on summary judgment. The fact that she is a lawyer makes her conduct all the more concerning.

The court recognizes that dismissal is "an extreme sanction" to be "used sparingly," Thoms, 2003 WL 22901686, at *1, but it is appropriate under these circumstances. Even if Deering is not under a more stringent obligation as a litigant given that she is a lawyer, the court finds her misconduct, in light of her legal education and experience, extremely troubling. It shows that her conduct was intentional, willful, and in bad faith. See Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992) (holding that dismissal is warranted when a party's conduct was "in bad faith or deliberately intentional or willful"). A lesser sanction would provide no more than a slap on the wrist. The court is tasked with punishing the misconduct and deterring such behavior in the future. Given the gravity of Deering's misconduct and the fact that it was ongoing throughout most of this litigation, a lighter sanction simply will not suffice. The court takes no pleasure in coming to this conclusion, but it must do so given the facts. This case will be dismissed with prejudice.

**II. Counsel**

In addition to Deering's misconduct, Mr. Egan and Ms. Schaffer have admittedly given false information to the court in violation of their duties of candor and professionalism. In the November 3, 2022, settlement conference letter to the magistrate judge, authored by both Mr. Egan and Ms. Schaffer and signed by Ms. Schaffer, they failed to note Deering's employment with Anaplan and her higher income. Those facts were undeniably material to the case and were relevant, in particular, for purposes of negotiating a possible settlement.

In his in camera submission providing the settlement letters to the court, Mr. Egan admitted that he was aware of Deering's employment at Anaplan and her current salary and benefits. He also admitted, however, that he failed to include that information in the letter. He explained that the omission was an "oversight." At the hearing, Ms. Schaffer likewise acknowledged that she was aware of Deering's employment with Anaplan before she submitted the letter, but nevertheless failed to disclose that fact to the court. Even if it was simply an oversight rather than an attempt to mislead, the court is unsettled by such carelessness. As a result, the court will forward this order to the Minnesota Office of Lawyers Professional Responsibility for any investigation and/or action it may wish to take regarding the conduct of Deering and her lawyers Mr. Egan and Ms. Schaffer.

11

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The emergency motion for sanctions of dismissal with prejudice [ECF No. 220] is granted;

2. The case is dismissed with prejudice; and

3. The trial-related motions [ECF Nos. 194, 197, 199, 205, 210] are denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 17, 2023

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court