

July 27, 2023

*VIA ELECTRONIC FILING*

The Honorable David S. Doty
United States District Court
300 South Fourth Street
Minneapolis, MN 55415
doty_chambers@mnd.uscourts.gov

Re:   *Daniel'la Deering v. Lockheed Martin Corporation*
      Court File No.:  20-1534 (DSD/ECW)

Dear Judge Doty:

Pursuant to Local Rule 7.1(j), Ms. Deering submits this letter to request permission to file a motion for reconsideration of the Court's July 17, 2023 Order granting Defendant's emergency motion for the sanction of dismissal with prejudice (Dkt. 246).

Under well-established Eighth Circuit precedent, dismissal "is an extreme sanction" and "should be used sparingly."  *Thoms v. McDonald's Corp.*, No. Civ. 03-2465 (JRT/FLN), 2003 WL 22901686, at *1 (D. Minn. Nov. 26, 2003) (citing Eighth Circuit case law). "[B]efore imposing the sanction of dismissal, fairness requires the Court to consider whether a lesser sanction is available or appropriate." *Id.*  Dismissal is appropriate only where the court concludes through "clear and convincing evidence, both (1) that the misconduct occurred, and (2) that a lesser sanction would not sufficiently punish and deter the abusive conduct." *Id.*  In the cases cited in this Court's July 17 Order where dismissal was granted, the plaintiffs admitted to **intentionally** providing false information.  *See Knapp v. Covergys Corp.*, 209 F.R.D. 439 (E.D. Mo. 2002) (plaintiff admitted to providing false deposition testimony and interrogatory answers); *Caranchini v. Fed. Express Corp.*, 974 F.2d 982 (8th Cir. 1992) (plaintiff admitted to fabricating a document to support the merits of her sexual harassment claim).  That was not the case here.  Ms. Deering never intended to mislead Defendant or this Court; in fact, it was Ms. Deering's decision to supplement her production to disclose the Anaplan documents in June 2023 when she realized her prior counsel had mistakenly failed to produce them.[1]

---

[1] Enclosed is a declaration from Ms. Deering, explaining the various faults attributed to her by the Court in its Order.  Ms. Deering intended to submit a declaration in support of her opposition to the sanctions motion, but did not as a result of a disagreement with her prior counsel.  As the Court is aware, Ms. Deering moved for a continuance to replace her conflicted counsel and for the opportunity to file a surreply.  Had Ms. Deering been given this opportunity and been represented by counsel who did not have an unwaivable conflict of interest, Ms. Deering would have submitted this declaration to explain the conduct at issue in Defendant's motion.  This is only a limited waiver of the attorney-client privilege.

As established in her declaration, Ms. Deering did not falsely testify about her employment with nVent. Although Ms. Deering's last day performing work for nVent was October 22, 2021, she believed she was still considered an employee of nVent and using her accrued vacation through the first week of November. This arrangement with nVent was intended to allow Ms. Deering to remain eligible for nVent's benefits until she started at Anaplan.

As further explained in her declaration, Ms. Deering disclosed her employment with Anaplan to Clayton Halunen prior to her 2021 deposition and delivered her offer letter to him at that time. Since she was not scheduled to start her employment until the week after her deposition, Mr. Halunen advised her not to discuss her Anaplan position during her deposition. Mr. Halunen further advised Ms. Deering that he would supplement her discovery responses after she started at Anaplan to disclose her new employment. Ms. Deering had every expectation that Mr. Halunen would follow through on that supplementation. He failed to do so. Mr. Halunen was also under investigation for ethical violations around this time and is currently indefinitely suspended from the practice of law. *See In re Disciplinary Action Against Halunen*, 987 N.W.2d 585 (Minn. 2023). Contrary to Defendant's misrepresentations, Ms. Deering is not a litigator by trade, nor was she an employment lawyer. The majority of her career has been spent as corporate counsel, and she trusted that she was receiving effective representation from Mr. Halunen.

Ms. Deering also worked with Ms. Schaffer Nelson, Mr. Egan, and Ms. Fessler to supplement her production of the Anaplan documents in late-November 2022. As set forth in their various declarations, Ms. Deering's counsel honestly believed that they produced the Anaplan offer letter and earnings statement on December 1, 2022. Ms. Deering's Anaplan documents were not produced in December 2022 only because counsel made a mistake, not because of any intentional act by Ms. Deering.

Nor did Ms. Deering or her counsel intentionally mislead the Court in the confidential settlement letters. The first settlement letter, submitted by Mr. Halunen, set forth damages related to Ms. Deering's race-discrimination claim based on a series of promotions for which she was bypassed. There was no claim for lost wages after her termination. The second settlement letter, submitted by Ms. Schaffer Nelson, incorrectly stated that Ms. Deering was employed at nVent, but set forth her Anaplan salary. In fact, as established by an email exchange with Halunen Law, Ms. Deering provided information regarding her Anaplan salary, bonus, and equity interest as part of a compensational analysis in preparation for the settlement conference, which was originally scheduled for November 8, 2022. (*See* Dkt. 171.) Halunen Law withdrew as counsel on October 26, 2022, after Mr. Halunen's disciplinary proceedings made headlines, leaving Ms. Schaffer Nelson to submit the settlement letter. Her honest mistake again was not intended by Ms. Deering.

Finally, as soon as Ms. Deering learned that the Anaplan documents were not produced during trial prep, she insisted that her counsel immediately provide them to Defendant. Ms. Deering should not be made to suffer the most-extreme sanction, and surrender her day in court, because she chose to remedy her counsel's mistake and disclose her mitigation efforts. *See Thoms*, 2003 WL 22901686, at *2 (concluding that dismissal was inappropriate because, like Ms. Deering, plaintiff attempted to correct her inaccurate deposition testimony). Accordingly, we seek leave to move for reconsideration.

Very truly yours, */s/ Daniel R. Olson*