# Morgan Lewis

**Michael S. Burkhardt**
Partner
+1.215.963.5130
michael.burkhardt@morganlewis.com

July 31, 2023

Hon. David S. Doty, Senior United States District Judge District of Minnesota
Diana E. Murphy United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   <u>Daniel 'la Deering v. Lockheed Martin Corporation Civil No. 20-cv-1534</u>

Dear Judge Doty:

We write to provide Lockheed Martin's response to Plaintiff's request to file a motion for reconsideration. Reconsideration motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). A party may not seek reconsideration simply because she is unhappy with the Court's decision or now wishes to make different arguments. *See Cardiac Pacemakers, Inc. v. Aspen II Holding Co.*, 2006 U.S. Dist. LEXIS 106952 (D. Minn. Mar. 14, 2006). Plaintiff does not even mention this standard, much less meet the heavy burden to support reconsideration.

Plaintiff has not identified any manifest error of law as there was no such error. The Court's decision was well supported by Eighth Circuit and other case law dismissing claims for similar (and even less egregious) conduct. As detailed in Lockheed 's Motion for Sanctions ("Motion"), the remedy of dismissal in the face of perjury, discovery abuses and misrepresentations to the Court, is well within the Court's discretion. (ECF No. 221). Thus, there was no manifest error of law.

Plaintiff also fails to present any manifest error of fact or newly discovered evidence. Instead, Plaintiff tries a new tact, shifting to different factual and legal arguments and filing a declaration in which she admits to perjury, but tries to justify her conduct with additional false statements.

*First*, contrary to her original argument that she was confused during her deposition, Plaintiff now **admits** that she intentionally lied (hiding her new job at Anaplan), but she argues that because one of her former lawyers told her to do so, it is not her fault. As Lockheed already detailed in its Motion, perjury is not excused by blaming your lawyer. (ECF No. 221). The "blame my lawyer" argument was already litigated and rejected by this Court. Indeed, Plaintiff's new declaration essentially concedes that the Court's decision was correct, given that Plaintiff now admits that she consciously lied at her deposition.

*Second*, Plaintiff further attempts to justify her perjury and alleged reliance on counsel by advancing new lies. Plaintiff now claims in her declaration that she is **not** an employment lawyer and that

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA  19103-2921          ☎ +1.215.963.5000
United States                          ✆ +1.215.963.5001

Hon. David S. Doty
July 31, 2023
Page 2

she is **not** a litigator (i.e., she claims to have no litigation experience).[1] Plaintiff's latest submission completely ignores Plaintiff's prior statements in her Amended EEOC charge (which is already in the record at ECF No. 129-4 and is re-attached here as **Exhibit A** for convenience) and deposition, where Plaintiff testified that she was the lead employment lawyer for RMS at Lockheed since 2012 with significant litigation experience (Pl. Dep. (relevant excerpts attached as **Exhibit B**) at 56:25–57:1-9).[2] In fact, Plaintiff touted her employment litigation experience as having handled more than a hundred EEOC charges at Lockheed and managing, on average, 60-80 lawsuits, charges and demand letters. (ECF No. 129-4; Pl. Dep. 56:25–57:1-4). Plaintiff further testified at her deposition that "as a practicing lawyer, an in-house lawyer in the employment space from at least 2012 forward," she was familiar with federal courts and federal discovery. (Pl. Dep. 76:6-10.) Plaintiff advanced those facts in support of her failed promotion claim and to argue that she deserved better performance ratings given her busy workload. Now, when it suits her current request to seek reconsideration, Plaintiff is brazenly willing to submit a false declaration that she is **not** an employment lawyer and has **no** litigation experience.

*Third*, Plaintiff attempts to justify her perjury about being a current employee of nVent at the time of her deposition by claiming she thought she was on vacation. A version of this argument was already advanced by Plaintiff's former counsel during oral argument. The fact that Plaintiff has now attached a false declaration advancing the same argument does not salvage it. The record evidence (i.e., nVent paystubs, ECF No. 237-1) clearly shows that Plaintiff's last day was October 22, 2021 and that she was paid for her remaining five days (36.06 hours) of vacation at that time. Even if the Court gave Plaintiff the benefit of the doubt (to which she is entitled to none) her five days of "vacation" extended at most to October 27, 2021 (four days before her deposition). There is simply no universe in which Plaintiff was currently employed with nVent on the date of her deposition. And nothing can justify Plaintiff's false testimony about her "current" duties with nVent "as if it were her current and ongoing role" (ECF No. 246 at 6) when she knew that her last actual day of work was October 22, 2021. Plaintiff intentionally lied about nVent to hide from Lockheed her new, better paying, job at Anaplan. She cannot blame her lawyers for those lies.

Moreover, as detailed in the Motion and at oral argument, Plaintiff's deposition was not the first or last time she committed perjury or hid facts related to this case. She falsely executed a sworn verification of interrogatory responses in March of 2021 that never identified the job she had obtained months earlier with nVent. (ECF No. 237-3). She signed an errata sheet one month after her deposition and made no changes or attempt to correct her false testimony. (ECF No. 246 at 6). Plaintiff submitted a false resume to the Court that failed to include her role at Anaplan even though she had been working there for months. (*Id.* at 6-7). Plaintiff participated in two settlement conferences knowing information submitted to the Court was false and misleading. (*Id.* at 8). All of these issues were previously addressed, and this Court properly rejected Plaintiff's alleged justifications for this misconduct.

In short, the only new information presented in Plaintiff's request to file a motion for reconsideration are new lies submitted in the form of a sworn declaration. Plaintiff's new lies certainly do not support reconsideration and, in fact, demonstrate why dismissal was the only remedy that would prevent more lies, misrepresentations and misconduct.

---

[1] Of course, one doe not need a law degree, much less experience litigating cases, to know that perjury is prohibited. Lockheed also cited cases involving even nonlawyers whose cases were dismissed for similar misconduct as committed by Deering. (ECF No. 221).

[2] Deering does not say why prior counsel did not wish her to submit a declaration; but those prior counsel were involved in specifically touting Plaintiff's employment and litigation experience, which contradicts her newly filed declaration.

Hon. David S. Doty
July 31, 2023
Page 3

Sincerely,

*/s Michael S. Burkhardt*

Michael S. Burkhardt