## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DANIEL'LA DEERING, | Civil Action No. 0:20-cv-1534 (DSD/BRT) |
| Plaintiff, | |
| v. | **DEFENDANT LOCKHEED MARTIN CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEY'S FEES AND COSTS** |
| LOCKHEED MARTIN CORPORATION, | |
| Defendant. | |

### I.    INTRODUCTION

In light of this Court's order granting Lockheed Martin's motion for sanctions and dismissing this action with prejudice ("Sanctions Order," ECF No. 246), Lockheed Martin hereby seeks to recover the fees and costs incurred as a result of Plaintiff Daniel'La Deering's and her counsel's sanctionable conduct.

Because the Court is familiar with and has already recounted the pertinent facts, Lockheed Martin simply incorporates the Sanctions Order by reference rather than rehashing the facts here. The upshot, however, is that "[Plaintiff] – directly and indirectly through her counsel – lied to Lockheed Martin and the court about her employment and thus her damages . . . for nineteen months" and "did so under oath, making the lies a direct affront to the court." Sanctions Order at 9 (citations omitted). *Id.* In short, she hid from Lockheed Martin and the Court the fact that, in October 2021, she had accepted a lucrative employment offer from Anaplan, Inc.—a fact that she knew "would reduce her damages if

she were to prevail at trial." *Id.* at 3-8. Her conduct "was intentional, willful, and in bad faith." *Id.* at 10 (citation omitted). And her counsel gave "false information to the court in violation of their duties of candor and professionalism." *Id.* at 8, 1. Specifically, Plaintiff and her counsel submitted to the Court two confidential settlement letters that failed to mention Plaintiff's employment at Anaplan and, in at least one instance, falsely stated that Plaintiff was working at a different company and making less money than she truly was. *Id.* at 8, 11.

As instructed in the Sanctions Order, on July 18, 2023, the Clerk entered judgment in Lockheed Martin's favor. Under Federal Rule of Civil Procedure ("Rule") 54(d)(2), the judgment triggered a fourteen-day period in which Lockheed Martin may move for its attorney's fees and related nontaxable costs. Lockheed Martin does so now.

Plaintiff and her counsel's conduct needlessly and vexatiously multiplied these proceedings. Plaintiff and her counsel wasted this Court's and Lockheed Martin's time and energy and drove up (substantially) Lockheed Martin's attorney's fees and costs—well beyond those costs that are taxable under 28 U.S.C. § 1920. To be sure, Lockheed Martin is not seeking ***all*** the fees and costs incurred to defend this action. Instead, it seeks only the fees and costs attributable to certain aspects of the case (delineated below) that were tainted by (or directly caused by) Plaintiff's and her counsel's misconduct.

For these reasons and those set forth below, Lockheed Martin respectfully requests that the Court grant this motion.

## II.    ARGUMENT

### A.    The Court Should Award Attorney's Fees and Costs Under Its Inherent Powers, Rule 16(f), and 28 U.S.C. § 1927.

This Court has authority under three separate sources to sanction Plaintiff and her counsel by ordering them to pay Lockheed Martin's fees and costs.

*First*, the Court possesses the broad inherent power to impose attorney's fees and costs against an attorney or party who conducts litigation in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 34 (1991); *see also Willhite v. Collins*, 459 F.3d 866, 869 (8th Cir. 2006) ("[A]n award of attorneys' fees is permissible under a court's inherent powers as long as the person being sanctioned has demonstrated bad faith.").

The Court's inherent authority permits it to sanction both parties and their counsel for abuse of the judicial process. *See Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*, 458 F.3d 733, 738-39 (8th Cir. 2006) (affirming award of sanctions against a party for abuse of judicial process); *Brown v. Ameriprise Fin. Servs., Inc.*, 276 F.R.D. 599, 605 (D. Minn. 2011) (noting court's power to sanction the plaintiff under inherent authority); *see also Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980) ("The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes.") The Court's discretion to craft a sanctions award under its inherent authority is broad. "Over the years, the Supreme Court has found inherent power to include the ability to dismiss actions, assess attorneys' fees, and to impose monetary or other sanctions appropriate for conduct which

abuses the judicial process." *Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993) (citation omitted).

*Second*, Rule 16(f) *requires* an award of attorney's fees where, as here, a party is "substantially unprepared to participate—or does not participate in good faith—in [a Rule 16] conference." Specifically, Rule 16(f)(2) provides that "[i]nstead of or in addition to any other sanction, the court *must* order the [violating] party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added). *See also Azarax, Inc. v. Wireless Commc'ns Venture LLC*, No. 16-CV-3228 (JRT/LIB), 2018 WL 4259869, at *7 (D. Minn. July 6, 2018) (awarding fees and other sanctions under (among others) Rule 16(f)(2)); *Fisher v. SmithKline Beecham Corp.*, No. 07-CV-0347A(F), 2008 WL 4501860, at *2 (W.D.N.Y. Sept. 29, 2008) (awarding fees under Rule 16(f) where party did not engage in good faith in court-ordered settlement conference). Here, pursuant to Rule 16(a)(5), the Court set, and the parties appeared for, two pretrial settlement conferences on January 19 and November 8, 2022. ECF Nos. 119 and 171. In its Orders setting each conference, the Court directed the parties to submit confidential letters outlining (among other things) "a reasoned, itemized computation of each element of the alleged damages" and warned that "[f]ailure of any party . . . to comply with any part of this order may result in the . . . imposition of an appropriate sanction on the party, company, or attorney who failed to comply." ECF Nos. 119 and 171. Lockheed Martin learned from the Sanctions Order, however, that Plaintiff and her counsel submitted "false information"

4

in those letters and failed to disclose Plaintiff's new (more lucrative) job.[1] Sanctions Order at 11. Those facts "were relevant, in particular, for purposes of negotiating a possible settlement." *Id.*

*Third*, under 28 U.S.C. § 1927, "[a] court may require counsel to satisfy personally attorneys' fees reasonably incurred by an opposing party when counsel's conduct 'multiplies the proceedings in any case unreasonably and vexatiously.'" *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006) (quoting 28 U.S.C. § 1927). The Eighth Circuit has interpreted 28 U.S.C. § 1927 and deemed sanctions appropriate "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) (citations omitted).

### B.   Lockheed Martin Should Be Awarded Its Attorney's Fees and Costs for Researching, Briefing, Preparing for and Arguing Its Emergency Motion for Sanction of Dismissal (and Responding to Plaintiff's Request for Reconsideration of the Dismissal Order).

Lockheed Martin incurred attorney's fees and costs in researching, briefing, preparing for, and arguing its Motion for Sanctions, as well as responding to Plaintiff's Letter Request for Permission to File Motion for Reconsideration (ECF No. 250) (which was utterly meritless, propounded more lies, and violated Local Rule 7.1(j)). That work was substantial and necessary—indeed, the Court, in its Sanctions Order, cited heavily to the factual declaration prepared by Lockheed Martin's counsel and the caselaw found via

---

[1] Lockheed Martin was not privy to the settlement letters (they were submitted *in camera*), so it did not know until the Sanctions Order was issued that the letters contained false information.

Lockheed Martin's counsel's research. *See generally* Sanctions Order. Lockheed Martin's work was made substantially more difficult by the decision of Plaintiff and her counsel to continue to produce additional documents and information at the eleventh hour, including their decisions to (1) amend their disclosures on May 25, 2023, approximately one month before trial; (2) produce an exhibit list on June 5, 2023, referencing (but not producing) documents related to her mitigation; (3) produce her 2022 W-2 information on June 7, 2023; (4) amend their disclosures again on June 11, 2023; and (5) produce more Anaplan documents on June 22, 2023. Lockheed Martin was forced to repeatedly revise its plan of action and its motion papers to address Plaintiff's constantly evolving discovery stance—an evolution that is particularly notable because Plaintiff had all of this information in her possession long before any such production. Further, Plaintiff made outrageous arguments in response to the sanctions motion—e.g., she suggested that she was being "grilled" by Lockheed Martin's counsel during her deposition, which the Court squarely rejected and said that the questions were not "in any way inappropriate or harsh" —all of which multiplied the proceedings and required more briefing and work by Lockheed Martin.

And, worse, on July 27, 2023, Plaintiff filed a Letter Request for Permission to File a Motion for Reconsideration. That Letter did not identify a single error of fact or law or piece of newly discovered evidence—which is what is required to warrant reconsideration. *See* Lockheed Martin's Response, ECF No. 251. It also included a lengthy declaration (and many pages of exhibits) submitted by Plaintiff even though Local Rule 7.1(j) does not so allow. And, most troublingly, Plaintiff's declaration contained *additional* (new) lies, which forced Lockheed Martin to expend more attorney's fees to dispel. *Id.* On August 1, 2023,

the Court denied Plaintiff's request to seek reconsideration, holding that "[n]othing in Deering's request undermines or in any way alters the court's reasoning and decision in the order at issue." ECF No. 252.

Courts routinely award the fees and costs that a party incurs in making a successful sanctions motion. *See, e.g.*, *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. 09-CV-1091 (JNE/JSM), 2013 WL 12142579, at *9 (D. Minn. Mar. 20, 2013) (awarding, under 28 U.S.C. § 1937 and Fed. R. Civ. P. 37, "[all] fees and costs incurred in connection with . . . preparing for and attending [party's] Motion for Sanctions"); *Blodgett v. Hanson*, No. 12-CV-0301 (JRT/JJG), 2012 WL 12897878, at *4 (D. Minn. Oct. 30, 2012) (awarding, under court's inherent authority, the attorney's fees a party "incurred in drafting, serving, and filing the motion for sanctions"), *report and recommendation adopted*, No. 12-CV-0301 (JRT/JJG), 2013 WL 1249221 (D. Minn. Mar. 26, 2013); *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, No. 17-CV-5009, 2020 WL 4915832, at *5 (D. Minn. Aug. 21, 2020), *as amended* (Aug. 27, 2020) (awarding defendants their attorney's fees "incurred in the course of bringing . . . their motion for sanctions"); *Dillon v. BMO Harris Bank, N.A.*, No. 13-CV-897, 2017 WL 564501, at *2 (M.D.N.C. Feb. 10, 2017) ("The plain language of [Section 1927] appears to cover fees and costs from litigating a sanctions motion, and many courts have so held.") (collecting cases) *judgment entered*, 13-CV-897, 2017 WL 11684742 (M.D.N.C. Mar. 28, 2017), and *aff'd sub nom. Six v. Generations Fed. Credit Union*, 891 F.3d 508 (4th Cir. 2018). The sanctionable conduct here is particularly egregious, and fees are therefore particularly appropriate.

7

### C.     Lockheed Martin Should Be Awarded Its Attorney's Fees and Costs Incurred in Preparing for, Drafting Submissions in Advance of, and Attending the Two Court-Ordered Settlement Conferences.

Lockheed Martin should also be awarded the attorney's fees and costs it incurred in preparing for and attending two settlement conferences where Plaintiff attempted to defraud the Company and the Court. As described above, Lockheed Martin now knows that Plaintiff and her counsel submitted mediation statements that misrepresented facts about her employment and inflated her purported damages, and made it so that (a) the settlement conferences would be a total waste of time because the case would not settle or (b) she could defraud Lockheed Martin into possibly paying a higher settlement amount than it would have had she provided truthful information. There is no reason that Lockheed Martin should bear the fees and costs incurred preparing for, drafting submissions in advance of, and attending settlement conferences that—unbeknownst to Lockheed Martin—was a farce designed to defraud it, particularly given that Rule 16(f) makes a fee award mandatory after a finding of bad faith. *See, e.g.*, *Spradlin v. Richard*, 572 F. App'x 420, 428 (6th Cir. 2014) (upholding award of monetary sanctions under Rule 16 against party who failed to participate in good faith in the mediation); *Brooks v. Lincoln Nat'l Life Ins. Co.*, No. 8:05-CV-118 (WJR), 2006 WL 2487937, at *4 (D. Neb. Aug. 25, 2006) (finding bad faith and granting "fees and expenses in preparing for and attending the mediation and preparing and presenting [the] sanctions motion to the court") (alterations omitted); *Pucci v. 19th Dist. Ct.*, No. 07-10631, 2009 WL 596196, at *7 (E.D. Mich. Mar. 6, 2009) (awarding "time spent in the [settlement] conference plus a reasonable time preparing and commuting" where the defendant's representative did not have settlement

authority at the conference, could not explore settlement, and failed to participate in good faith).

> **D.    Lockheed Martin Should Be Awarded Its Attorney's Fees and Costs Incurred in Researching and Briefing Its Motion in Limine to Preclude Certain Evidence of Plaintiff's Economic Damages.**

The Court should also award Lockheed Martin the attorney's fees and costs it incurred in researching and drafting its Motion in Limine to preclude Plaintiff from seeking economic damages after August 2021 (which was the date through which Plaintiff had produced discovery relating to her economic damages). *See* ECF No. 205-206. As outlined in its brief in support of the Motion in Limine, Plaintiff failed during discovery (or after it) to produce required information and documents relating to her purported economic damages after August 2021 (even though this case was not set for trial until June 2023 and Plaintiff had an ongoing duty under Rule 26 to supplement her discovery responses). *See generally* ECF No. 206. That prompted Lockheed Martin to file the Motion in Limine. Had Plaintiff and her counsel been truthful in discovery at any point before June 2023, Lockheed Martin would not have needed to file the Motion in Limine because it would have known that Plaintiff was working at Anaplan and what her compensation was. But they were not, and their dishonesty forced Lockheed Martin to prepare and file the Motion in Limine.

## III.    CONCLUSION

Lockheed Martin respectfully asks this Court to grant this motion for entry of reasonable attorney fees and costs against Plaintiff and her counsel. Upon grant of this motion, Lockheed Martin will provide a fee application setting forth and supporting the fees and costs it seeks to recover.

Dated: August 1, 2023

*/s/ Joseph G. Schmitt*
Joseph G. Schmitt, Reg. No. 231447
NILAN JOHNSON LEWIS PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Tel:     (612) 305-7500
Email: *jschmitt@nilanjohnson.com*

*/s/ Michael S. Burkhardt*
Michael S. Burkhardt (admitted pro hac vice)
Benjamin K. Jacobs (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel:     (215) 963-5000
Email: *michael.burkhardt@morganlewis.com*
            *benjamin.jacobs@morganlewis.com*

*Attorneys for Defendant*
*Lockheed Martin Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2023, I caused a copy of the foregoing document to be served upon all counsel of record.

*<u>/s/ Joseph G. Schmitt</u>*