UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-1534(DSD/ECW)

Daniel'la Deering,

    Plaintiff,

v.                                   **ORDER**

Lockheed Martin Corporation,

    Defendant.

This matter is before the court upon defendant Lockheed Martin Corporation's attorney fee petition relating to its emergency motion for the sanction of dismissal, which the court granted, and in responding to plaintiff Daniel'la Deering's request for reconsideration, which the court denied. The court has carefully reviewed the submissions and finds that the attorney's fees requested are reasonable and appropriate under the circumstances, with some reduction to account for redundancies.

**DISCUSSION**

The party seeking a fee award should submit evidence supporting the hours worked and the rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "Where the documentation of hours is inadequate, the court may reduce the award accordingly." Id. Similarly, the court may also exclude from the

initial fee calculation hours that were not "reasonably expended." Id.

The starting point for an award of attorney's fees involves determining the "lodestar," which supplies an "initial estimate" of the appropriate amount to award. Blum v. Stenson, 465 U.S. 886, 888 (1984). There is a "strong presumption" that the lodestar figure represents the reasonable fee to be awarded. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). To calculate the lodestar amount, the court must multiply the reasonable number of hours expended by a reasonable hourly rate for each attorney performing the work. Id. at 559-60. That amount must then be adjusted upward or downward "on the basis of the results obtained." Wheeler v. Mo. Highway & Transp. Comm'n, 348 F.3d 744, 754 (8th Cir. 2003).

In determining a reasonable fee, the court may, but is not required to, consider the following factors: (1) the time and labor involved; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of

the professional relationship with the client; and (12) awards in similar cases. Hensley, 461 U.S. at 430 n.3.

The court has conducted a detailed review of the time records submitted by the two lead attorneys for Lockheed Martin, as well as their accompanying affidavits. The court has also thoroughly reviewed and considered Deering's objections submitted in response to the motion.

**I.   Reasonableness of Billing Rate**

In determining the award of attorney's fees, the court must assess the reasonableness of the attorneys' hourly rates. Here, counsel for Lockheed Martin, Michael Burkhardt (Morgan Lewis & Bockius LLP) and Joseph Schmitt (Nilan Johnson Lewis, P.A.), submitted affidavits detailing their credentials and hourly rates, which they agreed to discount in this matter. Burkhardt typically charges $1,296 per hour and in this case applied a discounted rate of $635 per hour. Burkhardt Decl. ¶ 18. His colleagues at Morgan Lewis also applied discounted rates to their hourly work. Partner Ben Jacobs typically bills at an hourly rate of $925 and reduced that amount to $635 per hour in this case. Id. Associate Eric Mackie typically bills at a rate of $810 per hour, but charged $635 per hour. Id. And paralegal Simek Shropshire lowered his billing rate from $420 to $250 per hour. Id. Likewise, Schmitt reduced his rate from $720 to $576 per hour in this case and his

paralegal Krista Narveson reduced her rate from $250 to $200 per hour. Schmitt Decl. ¶ 14.

In addition, counsel for Lockheed Martin submitted the 2021 Valeo report, which provides information about law firm hourly rates in the employment law realm. ECF No. 277. The report establishes that the rates charged in this case are, for partners and support staff, well below the published rates. Courts have relied on the Valeo report to determine whether rates billed are appropriate. See Route1 Inc. v. AirWatch LLC, No. 17-cv-331, 2020 WL 1955436, at *3 (D. Del. Apr. 23, 2020) (quoting View Eng'g, Inc. v. Robotic Vision Sys., Inc., 208 F.3d 981, 987 (Fed. Cir. 2000) ("Reliance on [the Valeo report] has been held to be an appropriate way to demonstrate that the attorneys' rates "are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.").

Here, with respect to the partners on the case, the rates billed are lower than those listed in the Valeo report. ECF No. 277. As for the one associate on the case, his rate is at or slightly higher than the published rates. See id. When blended, as is the case here, the billing rates remain well below the going rate. Further, it stands to reason that the published amounts would be higher today, as the report was issued two years ago.

Given the training, experience and skill level of Lockheed Martin's counsel, the court believes that the hourly rates charged

4

by these attorneys are reasonable and consistent with the prevailing market rates for lawyers of their skill levels. See Blum, 465 U.S. at 895 n.11 (reasonable hourly rate is prevailing market rate in relevant legal community for similar services by lawyers of comparable skills, experience and reputation).

The court is unpersuaded by Deering's argument that Schmitt's expert-witness affidavit in an unrelated Fair Labor Standards Act case undermines the requested hourly rate. In Harris v. Chipotle Mexican Grill, Inc., No. 13-cv-1719, 2018 WL 617972, at *8 (D. Minn. Jan. 29, 2018), Schmitt opined that plaintiff's counsel's hourly rate of $600 per hour was higher than appropriate for the market. Id.; Olson Decl., Ex A ¶ 22. The court agreed based on the going rates between 2014 and 2016 and lowered the partner rate from $600 to between $575 and $475, based on experience. Harris, 2018 WL 617972, at *8. Harris is not dispositive here. First, it involved rates from nearly ten years ago, which have certainly increased. Second, case law supports the rates here, especially given the experience and acumen of the lawyers involved. See Miller v. Bd. of Regents of Univ. of Minn., 402 F. Supp. 3d 568, 592 & n. 17 (D. Minn. 2019) (approving $750 hourly rate in Title VII case).

**II.   Reasonableness of Hours Expended**

As to the reasonableness of the hours expended — the second factor in determining the lodestar – Deering challenges billing submissions of Lockheed Martin's counsel, claiming that certain billings should be non-compensable because they reflect excessive, redundant, or unnecessary work or work done on unrelated tasks.

Deering argues that a substantial number of entries in Lockheed Martin's bills involve multiple billing by senior-level attorneys.  She requests that the court consider a reduction in overall fees for excessive, redundant, unnecessary, and unrelated entries, including fees billed at an inappropriately high level for the task, entries involving de minimis tasks and involvement of multiple attorneys.  She specifically asks this court to reduce the 197 hours billed by Lockheed Martin's counsel to just 35 hours.

Deering argues that the motion was in essence a discovery dispute that could have been handled far more efficiently by Lockheed Martin.  In making that argument, Deering ignores the emergency nature of the motion - on the eve of trial - and, frankly, its gravity and the contentious nature of the litigation as a whole.  Having presided over the case and its many motions, the court is uniquely familiar with the time and energy expended by Lockheed Martin's counsel under unusual and difficult circumstances.

6

The court has carefully reviewed the billing statements and generally finds that the tasks performed were appropriate and properly billed. Given the number of attorneys handling the matter and the inevitable overlap in those tasks and necessary analyses, however, the court believes it is appropriate to reduce the overall requested amount by twenty percent. As a result, the court awards Lockheed Martin a total of $93,192.96 in attorney's fees.

In making this ruling, the court rejects the following arguments made by Deering. First, Deering argues that because the court ruled that Lockheed Martin could file a petition for "fees and costs incurred in researching, briefing, and arguing the emergency motion for sanctions and subsequent motion for reconsideration," ECF No. 271, at 1, it is precluded from seeking fees for counsel communications and strategy meetings relating to those motions. The court disagrees. Although the previous order does not specifically mention communications and strategy meetings, those kinds of activities are part and parcel to researching, briefing, and arguing motions. The court certainly did not intend to preclude such activities from the fee award. As such, the court will not reduce the award on this basis.

Second, Deering similarly seeks to preclude Lockheed Martin from recouping post-hearing fees relating to counsel communications. Again, the court finds such communications to be

7

a necessary and common aspect of motion practice. Those fees will be included in the award as well.

Third, Deering asks the court to exclude fees that she believes were unrelated to the sanction motion. She cites, for example, fees incurred in reviewing discovery responses and trial exhibits. See ECF No. 281, at 7-8. But that review is what triggered the sanctions motion in the first place. When preparing for trial, Deering submitted exhibits to Lockheed which contradicted her discovery responses and deposition testimony. Lockheed Martin then delved into the matter, which required review of relevant case materials. As a result, the fees incurred in doing so are directly related to the sanctions motion and are properly included in the fee petition.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The attorney fee petition [ECF No. 275] is granted in part as set forth above; and

2. Lockheed Martin is awarded $93,192.96 in attorney's fees.

Dated: October 2, 2023

s/David S. Doty
David S. Doty, Judge
United States District Court